610 So.2d 435 (1992)
Andre Henry LAMONT, Petitioner,
v.
STATE of Florida, Respondent.
James BROOKS, Petitioner,
v.
State of Florida, Respondent.
Nos. 79586, 79946.
Supreme Court of Florida.
December 24, 1992.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioners.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
KOGAN, Justice.
We have for review Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992), in which the district court certified its decision as being in conflict with the decisions of other district courts of appeal on the issue of whether life felonies are subject to enhancement under the Habitual Felony Offender Act, section 775.084, Florida Statutes *436 (1989). We have jurisdiction[1] and approve in part and quash in part the decision under review.
Andre Henry Lamont and James Edward Brooks were both sentenced as habitual violent felony offenders after being found guilty of life felonies. Lamont was convicted of sexual battery with a firearm, a life felony pursuant to section 794.011(3), Florida Statutes (1989); burglary of an occupied dwelling with a firearm, a first-degree felony punishable by life imprisonment pursuant to section 810.02(2)(b), Florida Statutes (1989); kidnapping with a firearm, a first-degree felony, pursuant to section 787.01(2), Florida Statutes (1989), which was reclassified to a life felony under section 775.087(1)(a), Florida Statutes (1989), because a firearm was used in the commission of the offense. Lamont was sentenced as a habitual violent felony offender to life imprisonment on the sexual battery and kidnapping counts, with a fifteen-year habitual offender mandatory minimum on each of those counts.[2] Lamont also received a consecutive life sentence with a fifteen-year habitual offender mandatory minimum on the armed burglary count.
Brooks was convicted of second-degree murder pursuant to section 782.04(2), Florida Statutes (1989), a first-degree felony, which was reclassified to a life felony pursuant to section 775.087, Florida Statutes (1989); and another offense which is not relevant to the issue at hand. Brooks was found to be a habitual violent felony offender and was sentenced to life in prison without eligibility for release for fifteen years, pursuant to section 775.084(4)(b).
Both Lamont and Brooks appealed, arguing that the habitual offender statute is inapplicable to life felonies because subsections (4)(a) and (4)(b) of the statute do not specifically provide for enhanced sentencing for one convicted of a life felony. The district court rejected this argument but certified its decision as being in conflict with every other district court to address the issue. See e.g. Glover v. State, 596 So.2d 1258 (Fla. 1st DCA 1992) (life felonies not subject to enhanced sentencing under the habitual offender statute); McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991) (same); Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991) (same) review dismissed, 593 So.2d 1049 (Fla. 1992); Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990) (same).
The district court rejected the petitioners' construction of the Act. The court reasoned that such a construction would defeat the legislative intent, as expressed in sections 775.0841 and 775.0842, Florida Statutes (1989), to provide enhanced penalties for career criminals in order to deter crime. 597 So.2d at 825-26. The district court found it "not rational" to interpret the Act so as to subject career criminals who commit less serious felony offenses to enhanced punishment but not to do the same to those who commit the most serious of offenses. Id. at 826. The court also found it "significant" that the statutes under which Lamont and Brooks were convicted specifically provide for sentencing under section 775.084.[3]Id. at 826-27.
Looking to the Act as a whole, the district court concluded that although subsections (4)(a) and (4)(b) do not apply to life felonies, the remainder of the Act, including subsection (4)(e), does apply. Therefore, the habitual offender sentences for the life felony convictions were affirmed because the defendants could be sentenced pursuant to subsection (4)(e) of the Act; *437 thereby removing the need for sentencing under the guidelines, and making them ineligible for parole and basic gain-time. However, the fifteen-year habitual offender mandatory minimums apparently imposed under subsection (4)(b) for the life felonies were vacated. 597 So.2d at 829.
Relying on our recent decision in Burdick v. State, 594 So.2d 267 (Fla. 1992), the district court affirmed Lamont's sentence as a habitual offender for the armed burglary conviction, which was classified as a first-degree felony punishable by life imprisonment. 597 So.2d at 829. The district court appears to have rejected Lamont's contention that the first-degree felony should have been reclassified to a life felony pursuant to section 775.087(1)(a).
We agree with the district court below that it does not appear rational that the habitual offender statute subjects career criminals who commit less serious felony offenses to enhanced punishment but does not do the same for those who commit the most serious offenses. However, as recognized by the dissent below, section 775.084 by its plain terms contains no extended term of imprisonment for life felony convictions. 597 So.2d at 830 (Hubbart, J. dissenting). Subsections (4)(a) and (4)(b) of the statute[4] set out in their entirety the extended terms of imprisonment for those found to be habitual felony offenders or habitual violent felony offenders under subsection (1) of the statute. Subsection (4)(e) of the statute[5] does not provide for extended terms of imprisonment. That provision merely provides that the sentencing guidelines, parole, and basic gain time are inapplicable to sentences imposed under section 775.084; which, as noted above, are provided exclusively in subsections (4)(a) and (4)(b).
Where, as here, the language of a statute is clear and unambiguous the language should be given effect without resort to extrinsic guides to construction. As we have repeatedly noted,
"[e]ven where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity."
St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982) (quoting Van Pelt v. Hillard, 75 Fla. 792, 798, 78 So. 693, 694 (1918)). We have made clear that
penal statutes must be strictly construed according to their letter... . Words and meanings beyond the literal language may not be entertained nor may vagueness become a reason for broadening a penal statute.
Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991) (citations omitted). Moreover, even if we were to find the statute ambiguous, it *438 must be construed in the manner most favorable to the accused. Id.
A review of the history of the relevant statutes supports the petitioners' construction of the Act. As recently explained by the First District Court of Appeal, the Third District Court of Appeal's construction of section 775.084
fails when the history of the relevant statutes is examined. Since the advent of life felonies in chapter 72-724, Laws of Florida, no amendment to the recidivist statute has referenced life felonies, and prior to enactment of section 6, chapter 88-131, Laws of Florida, the penalty provisions of section 775.084 did not include subsection (4)(e). Yet, in chapter 75-298, Laws of Florida, the legislature began directing punishment as provided in section 775.084 for life felonies. It appears that this omnibus crime bill made universal reference to section 775.084 for all felonies other than capital felonies, without consideration of the specific contents of the recidivist statute. The Lamont court having conceded that sections 775.084(4)(a) and 775.084(4)(b) do not apply to life felonies, we fail to see the logic of the legislative intent it ascribes to the 1975 enactment.
Lee v. State, 606 So.2d 1222 (Fla. 1st DCA 1992).
Both the plain language and the history of the relevant statutes lead us to hold that one convicted of a life felony is not subject to enhanced punishment as a habitual offender under section 775.084.[6] Accordingly, it was error to sentence the petitioners as habitual offenders in connection with their life-felony convictions.
We find no merit to Lamont's contention that his conviction of burglary of an occupied dwelling with a firearm should have been reclassified to a life felony under section 775.087(1)(a), Florida Statutes (1989), which provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(Emphasis added).
Count II of the information charges Lamont with burglary of an occupied dwelling, in the course of which
the defendant [1] was armed or did arm himself with a dangerous weapon, to wit: A FIREARM and/or [2] made an assault or battery upon [the victim] by touching her and/or pointing a FIREARM at her in violation of 810.02 Florida Statutes.
Under section 810.02(2), Florida Statutes (1989), burglary is a first-degree felony punishable by life imprisonment if, in the course of committing the offense, the offender either "(a) [m]akes an assault or battery upon any person," or "(b) [i]s armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon." Lamont maintains that use of a firearm was not an essential element of the offense because he was charged with assault or battery as well as with being armed while committing the burglary. Thus, he contends that under our decision in Lareau v. State, 573 So.2d 813 (Fla. 1991), the offense should be enhanced to a life felony under section 775.087(1)(a) and therefore would not be subject to enhanced sentencing under the habitual offender statute.
Lamont's argument would have merit if he had been found guilty of burglary with an assault or battery during the commission of the offense under subsection (2)(a) of the burglary statute. See Lareau, 573 So.2d at 814 (because conviction was based on great bodily harm provision of aggravated *439 battery statute rather than on use of deadly weapon provision, the use of a weapon was not an essential element of offense and section 775.087(1) could be used to enhance offense). However, although the jury was instructed on both burglary with an assault or battery, subsection (2)(a), and burglary while armed with a dangerous weapon, subsection (2)(b), it is apparent from the verdict form that Lamont was not convicted under subsection (2)(a). Rather, he was found guilty of "burglary of an occupied dwelling with a firearm," or armed burglary under subsection (2)(b). The verdict form contains specific findings that the structure was an occupied dwelling, and a firearm was used during the burglary; however, there is no finding as to whether an assault or battery was committed. In accordance with the verdict, the judgment states that Lamont was found guilty of "burglary of an occupied dwelling with a firearm," under section 810.02. Because use of a weapon or firearm is clearly an essential element of the offense with which Lamont was convicted, the trial court's failure to enhance the offense to a life felony under section 775.087(1)(a) based on Lamont's use of a firearm was proper.
Accordingly, we approve that portion of the decision under review upholding the application of the habitual offender statute to Lamont's armed burglary conviction. Burdick. We also approve that portion vacating the fifteen-year mandatory minimum sentences for the life felonies. However, we quash that portion of the decision below finding section 775.084(4)(e) applicable to the petitioners' life-felony convictions and remand for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, concurring in part, dissenting in part.
I would approve the decision under review in full and therefore dissent to the majority opinion to the extent that it disagrees with it.
NOTES
[1] Article V, section 3(b)(4), Florida Constitution.
[2] The sentencing order incorrectly ascribes authority for the fifteen-year mandatory minimum sentences to section 775.084(4)(a) and section 775.082(1), Florida Statutes (1989), neither of which are applicable. However, it appears Lamont was found to be a habitual violent felony offender, under section 775.084(4)(b), Florida Statutes (1989), during the sentencing hearing.
[3] For example, one who commits sexual battery as defined under section 794.011(3), Florida Statutes (1989), "is guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." One who commits second-degree murder as defined under section 782.04(2), Florida Statutes (1989), is guilty of "a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084."
[4] Section 775.084(4)(a), (b), Florida Statutes (1989), provide:

(4)(a) The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
3. In the case of a felony of the third degree, for term of years not exceeding 10.
(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
1. In the case of a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.
2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years.
3. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.
[5] Section 775.084(4)(e), Florida Statutes (1989), provides:

A sentence imposed under this section shall not be subject to the provisions of s. 921.001 [sentencing guidelines]. The provisions of chapter 947 [parole] shall not be applied to such person. A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 944.275(4)(b).
[6] We approve the conflict cases cited above to the extent that they are in accord with this holding.