DOWNEY, JAMES C., Senior Judge.
Appellant, Alvin Lavern Green, was charged with 1) robbery with a deadly weapon, 2) attempted first degree murder with a deadly weapon, 3) aggravated battery, and 4) kidnapping with a deadly weapon. After initially pleading not guilty Green withdrew said plea and pled nolo contendere on September 9, 1992. Defense counsel stated the contents of the plea agreement on the record and examined the defendant regarding his understanding of the agreement and its vol-untariness. Later at the sentencing hearing counsel for Green advised the court that Green wished to withdraw his plea because he had not fully understood its terms and conditions. After some discussion regarding his intentions the court asked Green if he had anything further to add and Green stated that he wished to go forward with his nolo plea, i.e., he wanted to abandon his motion to withdraw his nolo plea. The sentencing proceeded and Green advised the court that he did not believe he had received a pardon for his previous robbery conviction and he agreed to be sentenced as an habitual violent felony offender. Certified copies of the predicate offenses were offered in evidence without objection. Whereupon, the court sentenced Green 1) to 40 years imprisonment and 10 years probation on the kidnapping count as a non-habitual offender; 2) to 40 *1238 years as an habitual violent felony offender on the charge of attempted first degree murder with a deadly weapon, concurrent with the sentence on Count I; 3) to 30 years on the aggravated battery count concurrent with the sentence in Counts I and II; and 4) to 40 years on the kidnapping with a deadly weapon concurrent with the sentence in Counts I, II and III.
Green perfected this appeal contending the trial court erred 1) in refusing to allow him to withdraw the nolo plea and plead not guilty; 2) in sentencing him as an habitual violent felony offender on the count charging attempted first degree murder with a deadly weapon; and 3) in habitualizing his sentence for kidnapping with a deadly weapon without making the statutory findings required by section 775.084, Florida Statutes. The state concedes error with the sentencing under the second point and we concur in that concession. The factual recitation contained above shows that appellant withdrew his request to withdraw his previous nolo plea so as to plead not guilty. The transcript demonstrates that the trial court fully interrogated Green and his counsel and that Green acted knowingly. He simply wanted to get on with the sentencing. There was no necessity for a denial of Green’s motion; he withdrew it. With regard to the sentence for kidnapping with a deadly weapon, without setting forth the mandatory grounds for habitualization we find only harmless error. In State v. Rucker, 613 So.2d 460, 462 (Fla.1993), the supreme court held that when the state introduces certified copies of prior convictions within the requisite time periods a court may infer that there has been no pardon or set aside and the harmless error rule is applicable. Here the state introduced certified copies of the necessary convictions and Green admitted they had not been pardoned or set aside. Furthermore, Green waived the requirement of setting forth grounds in stipulating to the court finding that he was an habitual offender. Spriggs v. State, 615 So.2d 828 (Fla. 4th DCA 1993).
This brings us to the conceded error. We quote the concession and argument in support thereof from the state’s brief:
The state concedes that Appellant was improperly sentenced as a habitual violent felony offender on Count II. On Count II, Appellant was adjudicated guilty of attempted first degree murder with a deadly weapon, a life felony by virtue of § 775.-087, Fla.Stat. (R 61). As such, Appellant was properly sentenced to a term of 40 years incarceration. § 775.082(3)(a), Fla. Stat. However, Appellant was improperly sentenced as a habitual violent felony offender because the habitual offender statute does not apply to life felonies. Lamont v. State, 610 So.2d 435, 436 (Fla.1992).[1]
In view of the foregoing we affirm the judgment of conviction and the sentence imposed except that we reverse the adjudication of habitual offender status and sentence therefor as to Count II, attempted first degree murder, and remand the cause to the trial court with directions to resentence appellant on Count II eliminating any reference to habitualization in both the adjudication and sentence.
DELL, C.J., and STONE, J., concur.

. The State then suggests appellant should have been determined to be an habitual offender, but not sentenced as such, relying upon Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992). We do not agree with that conclusion and find no support for it in Lamont, supra.