PER CURIAM.
We have for review consolidated appeals from an immediate final order (IFO) of the Florida Department of Insurance (the department), and from a final order of the Division of Administrative Hearings holding valid the department’s amendment to Florida Administrative Code Rule 4J-2.002. Because the IFO and the rule amendment improperly require the Florida Property and Casualty Joint Underwriting Association (FPCJUA) to provide windstorm coverage in geographic areas eligible for such coverage through the Florida Windstorm Underwriting Association (FWUA), and because the IFO and rule amendment improperly construe section 627.351(5)(a)l.g.(I), Florida Statutes (Supp.1994), to authorize blanket coverage through the FPCJUA for all risks within the risk classifications specified therein, we reverse both orders.
The department promulgated a post-Hurricane Andrew amendment to rule 4J-2.002. The rule codifies the department’s IFO. The amended rule provides in pertinent part as follows:
Adoption of Property and Casualty Risk Apportionment Plan.
(1) The Florida Property and Casualty Joint Underwriting Association Plan of Operation, as amended April, 1991, and Articles of the Association are hereby adopted as the Plan for property and casualty insurance risk apportionment in Florida and incorporated by reference.
(2) The Florida Property and Casualty Joint Underwriting Association (FPCJUA) Plan of Operation, as amended in April 1991, and as previously adopted by rule of the Department effective 8-13-89, shall be further modified as set out below in this rule.
*953 (3) Special Temporary Eligibility of Commercial Residential Risks.
(a) Subsection 627.351(5)(a)l.a., F.S., provides that as to insurance coverages required by law, a risk shall be deemed eligible for FPCJUA coverage if the insurance “is unavailable in the voluntary market....”
(b) Insurance is required by law (s. 718.111(11), F.S.), to be acquired and maintained by condominium associations regarding common elements of the association.
(c) The Legislature, in the 1993 Special Session “C” (November 1993), in section 14 of Chapter 93^410, Laws of Florida, found: That the market conditions which this subsection [FPCJUA, 627.351(5) ] is intended to remedy have arisen with respect to coverage for condominium associations, apartment buildings, common elements of homeowners associations and other commercial coverages of residences. Therefore, coverage under this subsection is hereby activated for condominium associations, apartment buildings, common elements of homeowners associations and other commercial coverages of residences.
(d) The “market conditions” referred to by the Legislature in the above quotation from Chapter 93-AUO, Laws of Florida, and which the Legislature found to exist, is the condition specified in 627.351(5), that is, a condition wherein “persons with risks ... who are in good faith entitled to, but are unable to, obtain such property or casualty insurance coverage, including excess coverage, through the voluntary market.”
(e) The finding of the Legislature, in activating the FPCJUA for commercial residential coverages because such coverages are not available through the voluntary market, does likewise thereby on a blanket basis establish satisfaction of the eligibility requirement for such commercial residential coverages.
[[Image here]]
(Emphasis added.)
The FPCJUA is composed of property and casualty insurers who sell property and casualty insurance in Florida. The amended rule and IFO require the FPCJUA, by force of the above-emphasized language, to provide insurance for all condominiums regardless of “eligibility” — exhaustion of the voluntary insurance market. Section 627.351(5), upon which the amended rule and IFO are purportedly based, provides in pertinent part as follows:
PROPERTY AND CASUALTY INSURANCE RISK APPORTIONMENT. — The department shall adopt by rule a joint underwriting plan to equitably apportion among insurers authorized in this state to write property insurance as defined in s. 624.604 or casualty insurance as defined in s. 624.605, the underwriting of one or more classes of property insurance or casualty insurance, except for the types of insurance that are included within property insurance or casualty insurance for which an equitable apportionment plan, assigned risk plan, or joint underwriting plan is authorized under s. 627.311 or subsection (1), subsection (2), subsection (3), or subsection (4) of this section and except for risks eligible for flood insurance written through the federal flood insurance program to persons with risks eligible under subparagraph (a)l. and who are in good faith entitled to, but are unable to, obtain such property or casualty insurance coverage, including excess coverage, through the voluntary market. For purposes of this subsection, an adequate level of coverage means that coverage which is required by state law or by responsible or prudent business practices. The Joint Underwriting Association shall not be required to provide coverage for any type of risk for which there are no insurers providing similar coverage in this state. The department may designate one or more participating insurers who agree to provide policyholder and claims service, including the issuance of policies, on behalf of the participating insurers.
(a) The plan shall provide:
1. A means of establishing eligibility of a risk for obtaining insurance through the plan, which provides that:
a. A risk shall be eligible for such property insurance or casualty insurance *954 as is required by Florida law if the insurance is unavailable in the voluntary market, including the market assistance program and the surplus lines market.
b. A commercial risk not eligible under sub-subparagraph a. shall be eligible for property or casualty insurance if:
(I) The insurance is unavailable in the voluntary market, including the market assistance plan and the surplus lines market;
(II) Failure to secure the insurance would substantially impair the ability of the entity to conduct its affairs; and
(III) The risk is not determined by the Risk Underwriting Committee to be unin-surable.
[[Image here]]
d.(l) In the event a risk is eligible under this paragraph and in the event the market assistance plan receives a minimum of 100 applications for coverage within a 3-month period, or 200 applications for coverage within a 1-year period or less, for a given class of risk contained in the classification system defined in the plan of operation of the Joint Underwriting Association, and unless the market assistance plan provides a quotation for at least 80 percent of such applicants, such classification shall immediately be eligible for coverage in the Joint Underwriting Association.
[[Image here]]
g. (I) The Legislature finds that the market conditions which this subsection is intended to remedy have arisen ivith respect to coverage for condominium associations, apartment buildings, common elements of homeowners associations, and other commercial coverages of residences. Therefore, coverage under this subsection is hereby activated for condominium associations, apartment buildings, common elements of homeowners associations, and other commercial coverages of residences. Such coverage shall continue to be provided under this subsection until coverage is deactivated pursuant to sub-sub-subpara-graph (II) or sub-sub-subparagraph (III).
[[Image here]]
(Emphasis added.)
These cases present two legal questions: The first question is whether the department acted in accordance with delegated legislative authority in requiring the FPCJUA to provide windstorm coverage in FWUA-eligible areas. We answered this question in the negative in American Insurance Ass’n v. Florida Department of Insurance, 646 So.2d 784 (Fla. 1st DCA 1994), cert. denied, (Fla. Jan. 20, 1995). There we held that the express language of section 627.351 prohibits the department from ordering the FPCJUA to provide windstorm insurance in areas that are eligible for windstorm insurance through the FWUA.
The second question is whether section 627.351(5)(a)l.g.(I) was intended to authorize automatic, blanket coverage for all risks included within the risk classifications listed therein. The appellants argue that the amended rule and IFO conflict with the statutory language requiring establishment of eligibility for each risk through exhaustion of the voluntary insurance market, and therefore the rule and IFO are invalid. But the department argues that sub-sub-sub-paragraph (I) expresses a legislative intent to abandon this eligibility requirement.
A clear statute must be given its plain meaning. Lamont v. State, 610 So.2d 435, 437 (Fla.1992). Section 627.351(5) is clear and unambiguous. An individual risk can be insured by the FPCJUA under the statutory scheme when two requisites are satisfied: First, the eligibility of the particular risk must be established pursuant to 627.351(a)l.a. or b., and secondly, it must be established under 627.351(a)l.d. or g. that the risk is included within an eligible risk classification. Section 627.351(5)(a)l.a. and b. speak only in terms of “a risk” or “the risk,” whereas 627.351(5)(a)l.d. speaks in terms of a “given class of risk” or “classification,” and 627.351(5)(a)l.g.(I) refers only to risk classifications. Section 627.351(5)(a)l.d. specifies the method whereby a “class of risk” may become “eligible for coverage,” but that sub-sub-paragraph begins with the additional requirement that there also be “a risk” *955 that is eligible under paragraph 627.351(5)(a). The statement in 627.351(5)(a)l.g.(I) that coverage is “activated for condominium associations, apartment buildings, common elements of homeowners associations, and other commercial coverages of residences” means that those classes of risk are eligible for coverage, leaving for determination the question of whether individual risks within those classifications satisfy the requirements of 627.351(5)(a)l.a. or b.
Although unnecessary to our analysis, we note that the legislative history of Chapter 93-410, Laws of Florida, provides support for our reading of the statute. The final House bill analysis and economic impact statement reveals that the section 627.351(5)(a)l.g.(I) clause “coverage under this subsection is hereby activated” was intended to authorize FPCJUA coverage as to the “particular class[es] of risk” specified therein, as an alternative to the “trigger for activation” specified in 627.351(5)(a)l.d. The analysis does not express an intent to excuse the additional requirement that each risk within the specified classes of risk must satisfy section 627.351(5)(a)l.a. or b.
Both of the orders are therefore reversed.
BARFIELD and ALLEN, JJ., and SMITH, Senior Judge, concur.