664 So.2d 36 (1995)
Sylvester JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-630.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Assistant Public Defender, Daytona Beach, for Appellant.
Sylvester Johnson, Lowell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Defendant, Sylvester Johnson, appeals his sentence of forty years as an habitual offender for the offense of attempted first degree murder, a life felony,[1] arguing that habitual offender sanctions cannot be imposed as a part of a sentence on a life felony. We agree and reverse.
Defendant was convicted of attempted first degree murder with a deadly weapon, a life *37 felony. The trial court sentenced him to serve forty years in prison as an habitual felony offender.[2] After his conviction was affirmed by this court,[3] the defendant sought post-conviction relief, arguing that the trial court erred in sentencing him as an habitual offender for a life felony. At a hearing on his motion the state and the trial court seemed to agree that the sentence was improper, but, perhaps due to the confusion created by his multiple offenses, defendant was again sentenced to forty years in prison as an habitual felony offender. Defendant again challenges the sentence, contending that it is improper. The question of whether a defendant may be sentenced as a habitual offender after being convicted of committing a life felony was answered in Lamont v. State, 610 So.2d 435 (Fla. 1992). In Lamont, the supreme court recognized the confusion created by Florida's statutory sentencing scheme wherein trial courts are authorized to impose enhanced penalties only upon career criminals who commit less serious felony offenses, but not upon criminals who commit the most serious offenses. Nevertheless, the Lamont court concluded that the plain wording of section 775.084, Florida Statutes (1989), authorizes no extended term of imprisonment for life felonies. Accordingly, a defendant convicted of a life felony is not subject to enhanced punishment as an habitual felony offender.
Having concluded that Lamont is controlling, we must reverse defendant's sentence and remand this matter for resentencing as to the offense of attempted first degree murder with a firearm.[4] With regard to other issues raised by the defendant, which are without merit, the trial court is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] §§ 782.04(1)(a)1, 777.04(4)(c), and 775.087(1), Fla. Stat. (1989).
[2] See § 775.084, Fla. Stat. (1989).
[3] See Johnson v. State, 623 So.2d 508 (Fla. 5th DCA 1993).
[4] In so ruling, we are mindful that the legislature has overruled Lamont, effective October 1, 1995. See Lafleur v. State, 661 So.2d 346, 348, n. 1 (Fla. 3d DCA 1995).