666 So.2d 271 (1996)
Anthony WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1795.
District Court of Appeal of Florida, Third District.
January 17, 1996.
Anthony Wilson, in proper person.
Robert A. Butterworth, Attorney General, and Mark C. Katzef, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
Defendant appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
The trial court adjudicated Anthony Wilson guilty of two counts of attempted first-degree murder with a firearm, life felonies. See §§ 782.04(1), 777.04 & 775.087, Fla. Stat. (1991). The trial court also adjudicated the defendant to be a habitual felony offender, and sentenced him to extended terms of natural life in accordance with the provisions of section 775.084(4), Florida Statutes (1991). *272 The state concedes that the trial court's adjudication of Wilson as a habitual felony offender was inappropriate. The habitual offender statute, section 775.084(4), Fla. Stat. (1991), does not provide for the sentencing of habitual felony offenders convicted of life felonies. The Florida Supreme Court, interpreting that section, has held that a defendant convicted of a life felony is not subject to enhanced punishment as an habitual offender. Lamont v. State, 610 So.2d 435, 438 (Fla. 1992).
Accordingly, we vacate the sentence under review and remand for resentencing, where the trial court may impose life sentences, if it can supply valid contemporaneous written departure reasons. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989) (where trial court did not recognize that it was imposing departure sentence, it was not required, upon remand for failure to state reasons for departure, to impose sentence within sentencing guidelines; rather, court was entitled to consider on remand whether departure was appropriate and, if so, to set forth valid reasons for departure); Roberts v. State, 547 So.2d 129 (Fla. 1989). We find none of the remaining points Wilson raises to be meritorious.
Affirmed in part, vacated in part, and remanded for resentencing.