677 So.2d 45 (1996)
Jermaine GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-432.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Bennett H. Brummer, Public Defender, and Jane D. Fishman, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
COPE, Judge.
Jermaine Grant appeals his convictions and sentences for burglary with an assault or battery while armed and misdemeanor battery.[1] We affirm in part and reverse in part.
Defendant Grant first contends that the state made an impermissible golden rule argument during closing statement. Although defendant is correct, the impermissible argument was not objected to, was an *46 isolated comment, and in no way rose to the level necessary to establish fundamental error. Consequently, we reject defendant's argument on this issue.
Defendant's next issue has merit. Defendant was charged and convicted of burglary with an assault or battery in violation of section 810.02(2)(a), Florida Statutes (1993), while using a weapon, in this case a concrete brick, in violation of section 775.087, Florida Statutes (1993). The judgment categorized the crime as being a first degree felony. At sentencing, the court found defendant to be a habitual violent felony offender and on this count imposed a sentence of twenty-five years with a mandatory minimum sentence of fifteen years. See § 775.084(4)(b)1, Florida Statutes (1993).
Defendant correctly argues that the judgment is in error in classifying the crime as a first degree felony. Here the state elected to charge defendant with burglary with an assault or battery. See § 810.02(2)(a), Fla.Stat. (1993). That offense is a first degree felony punishable by life imprisonment. Id. The effect of the weapon enhancement statute, § 775.087(1), Fla.Stat., is to enhance the offense from a first degree felony to a life felony. Id. § 775.087(1)(a). Consequently, the judgment should have reflected that the burglary offense in this case is a life felony. See id.; Lamont v. State, 610 So.2d 435, 438-39 (Fla.1992); Lareau v. State, 573 So.2d 813, 814-15 (Fla.1991); Lafleur v. State, 661 So.2d 346, 349 (Fla. 3d DCA 1995).
It follows, as defendant argues, that defendant's adjudication as a habitual violent felony offender on this count must be reversed. That is so because the date of the crime was December 23, 1993. Under the version of the habitual offender statute in existence at that time, the statute did not provide an enhanced habitual offender penalty for a defendant who committed a life felony. Lamont v. State, 610 So.2d at 438; Lafleur v. State, 661 So.2d at 349.[2] Accordingly we reverse the sentencing order and remand for a new sentencing hearing based on a new sentencing guidelines scoresheet. Because the trial court was not authorized to use the habitual offender statute in this instance, the effect was that the trial court imposed a departure sentence without realizing that it was doing so. On remand the trial court may impose a departure sentence if there are valid grounds to do so. See Wilson v. State, 666 So.2d 271 (Fla. 3d DCA 1996); see also State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989).
The convictions are affirmed, but the sentencing order is reversed and the cause remanded for a new sentencing hearing.
NOTES
[1] Defendant Grant was also charged with one count of attempted armed robbery, on which the jury was not able to reach a verdict. Prior to retrial, defendant entered into a plea agreement on that count. The present appeal does not involve any issue relating to the attempted armed robbery charge.
[2] It should be noted that "effective October 1, 1995, the legislature has overruled Lamont by providing that life felonies are subject to habitual offender sentencing." Lafleur v. State, 661 So.2d at 349 n. 1 (citation omitted).