NESBITT, Judge.
After a jury trial, defendant Peter Gayle was convicted of one count of attempted first-degree murder, four counts of armed robbery, one count of armed burglary with an assault, eleven counts of attempted armed robbery, three counts of false imprisonment, one count of shooting or throwing a deadly missile, and one count of unlawful possession of a firearm by a convicted felon. The court found defendant met the criteria for habitual sentencing, and sentenced him as a habitual offender as to each conviction. We affirm the convictions; however, we vacate the sentences imposed and remand for resentencing.
Initially, we find non-meritorious defendant’s claim that his convictions should be reversed based upon what he argues was an unduly suggestive photo identification procedure. Convictions based on eyewitness identification at trial following pretrial identification by photo will be set aside only if the photo identification procedure was so imper-missibly suggestive as to give rise to a very substantial likelihood of irreparable misiden-tification. See Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).
Here, the witness identifying defendant initially testified that a detective told the witness that he believed one of the suspects was in a group of pictures shown to him or told the witness to point out who he thought the suspect was in the photos presented. However, under additional questioning from the prosecution, the witness clarified that the detective only asked the witness if he could immediately recognize a suspect in a group of photos being shown. Thus, we conclude the procedure employed did not give rise to a substantial likelihood of irreparable misidentification.
We also disagree with defendant’s claim that certain statements made by the prosecutor in closing argument mandate reversal. Because no objection was made to the statements, the matter was not preserved for our review, and cannot serve as a basis for reversal. See State v. Jones, 204 So.2d 515, 519 (Fla.1967); see also Ferguson v. State, 417 So.2d 639, 641 (Fla.1982).
We agree with defendant, however, that vacation of his sentences and remand for resentencing is necessary. First, the defendant’s sentence as to one of the counts, as orally pronounced by the trial judge did not conform with the judgment of conviction and sentence. This inconsistency compels vacation and remand. See Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995); Green v. State, 615 So.2d 823 (Fla. 4th DCA 1993).
Second, the trial court erred in sentencing defendant as a habitual offender on his conviction for armed burglary with an assault. See Lamont v. State, 610 So.2d 435 (Fla.1992) (holding under section 775.084(1)(a), Florida Statutes (1993), life felonies are not subject to enhancement under the habitual offender statute). But see Lafleur v. State, 661 So.2d 346 (Fla. 3d DCA 1995).
Additionally, defendant’s habitual offender sentences require vacation and resen-tencing since one of the convictions upon which they were based, i.e., a September 27, 1994 burglary conviction, post-dated the date of the instant offenses. This precluded con- *1357 sideratíon of that conviction as a predicate for the habitualizations.
We observe that on remand, as in Grant v. State, 677 So.2d 45 (Fla. 3d DCA 1996), since the trial court, in effect, imposed departure sentences without realizing that it was doing so, the trial court should be permitted to impose departure sentences upon delineating valid reasons. See Wilson v. State, 666 So.2d 271 (Fla. 3d DCA 1996).
Accordingly, the convictions under review are affirmed, the sentences are vacated and the ease is remanded for resentencing.