PER CURIAM.
Adolph James Chipp appeals an order denying his second motion under Florida Rule of Criminal Procedure 3.850. His first claim is without merit. Assuming for purposes of discussion that his second claim is not procedurally barred, we note that on the facts of this case, defendant-appellant’s conviction rests solely on section 812.13(2)(b), Florida Statutes (1991), robbery with a weapon.[1] As a result of an amendment to the information by interlineation, the reference to section 775.087, Florida Statutes, became mere sur-plusage [2] and the inclusion of section 775.087 on the final judgment was likewise surplus-age. The final judgment correctly classifies the offense at conviction as a first degree felony. See id. § 812.13(2)(b). It follows that the defendant was properly subjected to habitualization, and the rule in Lamont v. State, 610 So.2d 435, 438 (Fla.1992), has no application to this case.
Affirmed.

. The date of the crime was September 10, 1991.

. The amendment deleted the charge that during the robbery, defendant committed an aggravated battery. Section 775.087(1), Florida Statutes (1991), enhances the level of felony - where, among other things, defendant commits an aggravated battery during commission of the underlying crime.