731 So.2d 115 (1999)
Nicholas E. KLEIN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-05031.
District Court of Appeal of Florida, Second District.
April 21, 1999.
*116 PER CURIAM.
Nicholas Klein appeals the trial court's order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Klein alleged in his motion that his sentence as a habitual violent felony offender for burglary of a dwelling with assault or battery with a firearm is illegal. We agree and reverse the trial court's order. Klein's other arguments are without merit.
In 1990, Klein was convicted of burglary of a dwelling with assault or battery with a firearm, armed kidnapping, and armed robbery. He was sentenced as a habitual violent felony offender on all three charges. Klein is correct that the habitual violent felony offender sentence is illegal as to the burglary conviction. See Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997).
Although not raised by Klein in his motion, the habitual violent felony offender sentence is also illegal as to the armed kidnapping conviction. Klein's sentence for kidnapping was enhanced to a life felony pursuant to section 775.087, Florida Statutes (1989). As a life felony it was not subject to habitual violent felony offender sentencing under the statute then in effect. See Lamont v. State, 610 So.2d 435 (Fla. 1992). Therefore, we reverse and remand for resentencing on the burglary and kidnapping charges.
Reversed and remanded.
THREADGILL, A.C.J., and WHATLEY and GREEN, JJ., Concur.