PER CURIAM.
Kevin Thomas has filed a petition for writ of habeas corpus alleging that his appellate counsel was ineffective. We treat it as a petition filed pursuant to Florida Rule of Appellate Procedure 9.140(j). Thomas was convicted after a jury trial of burglary of a dwelling with an assault or battery and while armed with a dangerous weapon, armed robbery, two counts of armed kidnapping, two counts of armed sexual battery, two counts of grand theft, and conspiracy to commit armed burglary. Thomas was sentenced as a habitual felony offender on all counts. Thomas alleges that the imposition of habitual offender sentences was illegal as to his convictions for burglary of a dwelling with an assault or battery and while armed with a dangerous weapon, armed kidnap-ing, and armed sexual battery, and that his appellate counsel was ineffective in not raising this issue on direct appeal. We agree.
Life felonies were not subject to enhanced punishment under the habitual offender statute in effect at the time that Thomas committed the above crimes.[1] See Lamont v. State, 610 So.2d 435 (Fla.1992). As the State properly concedes, Thomas’ convictions for armed kidnapping and armed sexual battery were not subject to habitual offender enhancement. Thomas’ conviction for burglary of a dwelling with an assault or battery and while armed with a dangerous weapon is also a life felony and was not, therefore, subject to the habitual offender statute. See Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997).
Thomas’ sentences as a habitual offender to these convictions are therefore illegal. See id. At the time of his appeal, this constituted fundamental error which could be raised for the first time on direct appeal, even if it was not objected to below. See Randolph v. State, 626 So.2d 1006 (Fla. 2d DCA 1993). Thomas’ appellate counsel accordingly was ineffective in failing to raise this issue on appeal. See Ferrer v. Manning, 682 So.2d 659 (Fla. 3d DCA 1996).
We, therefore, reverse the portion of Thomas’ burglary, kidnapping, and sexual battery sentences which adjudicate him a habitual offender.[2] On remand, the trial *68 court shall correct these sentences to eliminate the habitual offender status. Thomas’ other claims are without merit.
Petition granted in part; denied in part; case remanded.
THREADGILL, A.C.J., and FULMER and STRINGER, JJ., Concur.

. The offenses occurred April 20-21, 1992. The habitual offender statute was amended effective October 1, 1995, to apply to life felonies.

. Thomas was sentenced to life as a habitual offender on these charges. We reverse only the portion of the sentence adjudicating him a habitual offender because his presumptive guideline sentence for each of these offenses was also a life sentence.