800 So.2d 660 (2001)
Terry COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3337.
District Court of Appeal of Florida, Second District.
November 7, 2001.
*661 DAVIS, Judge.
Terry Collins challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand for further proceedings.
Collins was convicted in two separate trial court cases of twelve counts of armed kidnapping, one count of armed robbery with a firearm, and one count of armed robbery with a weapon. On each count he was sentenced to life imprisonment as a habitual violent felony offender. In his motion he alleges that the sentences are illegal because the above offenses are all life felonies and that, under the 1993 statutes, a life felony was not subject to an enhanced punishment as a habitual violent felony offender. This claim is cognizable in a rule 3.800(a) motion. See Carter v. State, 786 So.2d 1173 (Fla.2001).
As found by the trial court, armed kidnapping is a life felony and not a first-degree felony punishable by life. See Williams v. State, 650 So.2d 1054 (Fla. 1st DCA 1995). The offense of kidnapping is a first-degree felony punishable by life. § 787.01(2), Fla. Stat. (1993). However, section 775.087(1)(a), Florida Statutes (1993), requires that the trial court reclassify a first-degree felony to a life felony where the use of a weapon or firearm is not an essential element of the offense and a weapon or firearm was used during the offense. See also Devlin v. State, 26 Fla. L. Weekly D2200, ___ So.2d ___ (Fla. 2d DCA Sept.12, 2001). Thus, in the present case, Collins' sentences as a habitual violent felony offender for the offense of armed kidnapping are illegal. See Klein v. State, 731 So.2d 115 (Fla. 2d DCA 1999).[1] Therefore, we reverse that portion of the trial court's order as it relates to the armed kidnapping counts. We remand to the trial court with directions to strike the habitual violent felony offender adjudications from those counts and to resentence Collins within the sentencing guidelines on those counts only. See Martin v. State, 795 So.2d 143 (Fla. 3d DCA 2001).
We affirm the trial court's order denying Collins' claims on the armed robbery with a weapon count and the armed robbery with a firearm count. Armed robbery with a firearm is a first-degree felony punishable by life and is thus susceptible to an enhanced sentence as a habitual violent felony offender. See §§ 812.13(2)(a), 775.084(b)1, Fla. Stat. (1993); Cooper v. State, 800 So.2d 243 (Fla. 2d DCA 2001). Armed robbery with a weapon is a first-degree *662 felony. See § 812.13(2)(b), Fla. Stat. (1993). As such, it is also susceptible to an enhanced sentence as a habitual violent felony offender.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Klein v. State, 731 So.2d 115 (Fla. 2d DCA 1999), interprets the 1989 version of the habitual violent felony offender statute. However, section 775.084(4)(b), Florida Statutes (1989), and section 775.084(4)(b), Florida Statutes (1993), contain the same language.