COVINGTON, Judge.
Nathan Mack challenges the trial court’s order granting in part and denying in part his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court’s order without comment, but we remand with instructions to the trial court to determine whether Mack was illegally sentenced as a habitual offender on his kidnapping conviction.
Mack was charged with kidnapping in count one of a six-count information. All the offenses occurred in 1989. The information alleged that Mack carried a firearm in the course of the kidnapping. The judgment reflects that Mack was convicted of the first-degree felony offense of kidnapping, but the written sentence indicates that the trial court imposed a sentence of life imprisonment as a habitual offender with a three-year mandatory minimum pursuant to section 775.087(2), Florida Statutes (1989), for possession of a firearm during the commission of the offense. If Mack was convicted of kidnapping with a firearm or kidnapping with a weapon, the trial court was required to enhance the kidnapping conviction from a first-degree felony to a life felony pursuant to section 775.087(l)(a). See Collins v. State, 800 So.2d 660 (Fla. 2d DCA 2001).
A life felony was not subject to habitual offender sentencing under the 1989 habitual offender statute. See Lament v. State, 610 So.2d 435 (Fla.1992). In such a scenario, the imposition of a habitual offender sentence would be illegal. See Collins, 800 So.2d 660. To convict appellant of armed kidnapping with a firearm, the jury would have to have found that Mack carried a firearm during the commission of the offense. This could be accomplished through the use of a special interrogatory verdict form or by the jury *1109 returning a verdict of guilty of armed kidnapping with a firearm. See Brown v. State, 727 So.2d 337 (Fla. 4th DCA 1999). The same would apply if Mack were convicted of kidnapping with a weapon. We note that in order for the trial court to impose a three-year mandatory minimum for possession of a firearm pursuant to section 775.087(2), the jury must have found, either through the use of a special interrogatory verdict form or by finding Mack guilty of a crime which involves a firearm, that Mack possessed a firearm during the commission of the offense. See State v. Overfelt, 457 So.2d 1385 (Fla.1984).
In the present case the trial court did not attach the verdict form; thus, we are unable to determine whether the jury found Mack guilty of kidnapping with a firearm or kidnapping with a weapon. If the jury so found, then Mack’s habitual offender sentence is illegal. See Collins, 800 So.2d 660. If the jury did not specifically find that Mack carried a firearm during the kidnapping,. then the three-year mandatory minimum imposed pursuant to section 775.087(2) is illegal. See Reyes v. State, 676 So.2d 31 (Fla. 2d DCA 1996). We therefore remand to the trial court to determine the legality of Mack’s sentence on count one of the information.
Affirmed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.