WHATLEY, Judge.
Anthony Watson appeals several sentences imposed upon resentencing after he *338 successfully moved the trial court to correct an illegal sentence. The State concedes error. We reverse and remand for resentencing. In June 1992, Watson entered into a plea agreement concerning two multi-count cases. After he was sentenced pursuant to the agreement, he moved to correct his sentence on the ground that it was illegal because he had been improperly sentenced as a habitual offender for four life felonies, to wit: an armed kidnapping in case number 92-4772 and an armed kidnapping and two counts of sexual battery with a deadly weapon in case number 92-4937. See Lamont v. State, 610 So.2d 435 (Fla.1992) (holding that defendant convicted of life felony is not subject to sentencing as a habitual offender). Accord Collins v. State, 800 So.2d 660 (Fla. 2d DCA 2001). The trial court granted Watson’s motion and ordered that he be resentenced on the four offenses. At resentencing, Watson’s scoresheet was recalculated to show a permitted sentence range of twelve to twenty-seven years in both cases. The trial court sentenced Watson to consecutive terms of twenty-seven years for each offense.
These sentences violated Florida Rule of Criminal Procedure 3.701(d)(12), which states that although a sentence must be imposed for each offense before the court for sentencing, “the total sentence cannot exceed the total guidelines sentence unless a written reason is given.” The trial court did not provide a written reason for departure. Accordingly, Watson must be resen-tenced pursuant to the guidelines for the four offenses at issue in this case to a term not exceeding twenty-seven years.
We reject Watson’s argument that the trial court may not impose the guidelines sentence for the four offenses consecutively to the concurrent habitual offender sentences for the armed robbery counts of the two cases. See Ricardo v. State, 608 So.2d 93, 95 (Fla. 2d DCA 1992) (holding that “a proper guidelines sentence can be ordered consecutive to a proper habitual offender sentence even if that means that the total time served exceeds the guidelines maximum.”).
Accordingly, we remand for resentenc-ing consistent with this opinion.
COVINGTON and KELLY, JJ., Concur.