PER CURIAM.
Antonio Mikell (“defendant”) appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm, but remand with instructions.
The defendant was found guilty of burglary with an assault and robbery. He was sentenced to life imprisonment with a fifteen-year minimum mandatory sentence for the burglary conviction, and to a concurrent term of thirty years with a ten-year minimum mandatory sentence on the robbery conviction.
The defendant claims the burglary conviction was enhanced to a life felony pursuant to Section 775.087(1), Florida Statutes (1994), based on the use of a weapon during the commission of the offense. Thus, he claims that he could not be sentenced as a habitual felony offender for that conviction, according to Lamont v. State, 610 So.2d 435 (Fla.1992).
A review of the information, verdict and judgment reflects that the defendant was neither charged with nor found guilty of either use of a firearm or committing an aggravated battery during the burglary. Instead, he was only found guilty of the first degree felony of burglary with an assault, which was punishable by life pursuant to Section 810.02(2), Florida Statutes (1993). The conviction was not enhanced pursuant to Section 776.087. Thus, we affirm the order denying the defendant’s motion to correct illegal sentence.
However, although the defendant’s conviction was not enhanced pursuant to Section 775.087, the judgment contains a reference to that Section. Accordingly, we remand the case with directions that any references to Section 775.087 be deleted from the judgment. See Nino v. State, 843 So.2d 347 (Fla. 3d DCA 2003).
Affirmed, but remanded with directions.