CANADY, Judge.
Clarence Burgess challenges the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without comment the trial court’s order as it relates to four of the grounds raised in Burgess’s motion. We reverse the trial court’s denial of the fifth ground and remand for resentencing on Burgess’s conviction for attempted first-degree murder with a firearm.
In trial court case number 95-0095, Burgess was convicted, after jury trial, of attempted first-degree murder with a firearm. He was sentenced to life imprisonment as a habitual offender. Attempted first-degree murder with a firearm is a life felony. See §§ 782.04(l)(a), 777.04(4)(a), 775.087(l)(a), Florida Statutes (1989); Moore v. State, 608 So.2d 926, 926 (Fla. 2d DCA 1992); Sainz v. State, 811 So.2d 683, 689 (Fla. 3d DCA 2002). In his motion, Burgess alleged that his habitual offender sentence for attempted first-degree murder with a firearm is illegal because under the statute in effect at the time, life felonies were not subject to habitual offender sentencing. Burgess is correct in his assertion that life felonies were not subject to sentencing under the 1989[1] habitual offender statute. See Lamont v. State, 610 So.2d 435, 438 (Fla. 1992). Furthermore, Burgess’s claim is cognizable in a rule 3.800(a) motion. See Collins v. State, 800 So.2d 660, 661 (Fla. 2d DCA 2001).
The trial court denied Burgess’s motion, incorrectly finding that attempted first-degree murder with a firearm was a first- *618 degree felony punishable by life[2] rather than a life felony. The State however, in response to our order directing it to address Burgess’s claim, acknowledges that Burgess’s habitual offender sentence for a life felony is an illegal sentence. Accordingly, we reverse and remand to the trial court with instructions to strike the habitual offender' designation from Burgess’s conviction for attempted-first-degree murder with a firearm and to resentence Burgess pursuant to the sentencing guidelines. See Collins,' 800 So.2d at 661.
. Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and SALCINES, JJ., Concur.

. The offense of attempted first-degree murder was committed on January 7, 1990.

. First-degree felonies punishable by life were subject to habitual offender sentencing under the 1989 statute. See Burdick v. State, 594 So.2d 267, 271 (Fla. 1992).