# Third District Court of Appeal

**State of Florida**

Opinion filed April 5, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-0365
Lower Tribunal Nos. 95-7991 & 95-10717

————————————

**Toronto Antonio Flanders,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Toronto Antonio Flanders, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before EMAS, LOGUE and LUCK, JJ.

LUCK, J.

In 1996, Toronto Antonio Flanders pleaded guilty in case number F95-10717 to attempted first degree murder (a life felony), attempted armed robbery (a

second degree felony), unlawful possession of a firearm while engaged in a criminal offense (a second degree felony), and unlawful possession of a firearm by a convicted felon (a second degree felony); and in case number F95-7991 to armed robbery (a first degree felony), unlawful possession of a firearm by a convicted felon (a second degree felony), and resisting an officer without violence (a misdemeanor). As to the attempted first degree murder, attempted armed robbery, and armed robbery counts, Flanders was sentenced as an habitual violent felony offender to thirty five years in state prison, with a fifteen year mandatory minimum term. As to the two counts of unlawful possession of a firearm by a convicted felon, Flanders was sentenced as an habitual violent felony offender to thirty years in state prison with a ten year mandatory minimum sentence.

Flanders moved to correct his illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) because "the habitual offender statute in existence at the time [he] committed his offenses," March 1995, "did not provide [for an] enhanced habitual offender penalty for [a] defendant who committed [a] life felony." Flanders asked to correct his sentence by removing the habitual violent felony offender designation.

The trial court granted in part and denied in part Flanders' motion. The trial court granted the motion as to Flanders' sentence for attempted first degree murder because that charge was a life felony and the habitual violent felony offender

2

statute, section 775.084(4) (1995), Fla. Stat., did not provide for an enhanced sentence in life felony cases committed prior to October 1, 1995. The trial court corrected the attempted first degree murder sentence by removing the habitual violent felony offender designation and fifteen year mandatory minimum. As to the rest of Flanders' sentence, the trial court denied the motion.

Flanders appealed, and we affirm. The version of the habitual violent felony offender statute in effect at the time Flanders committed his crimes, March 1995, did not permit enhanced and mandatory minimum penalties for life felonies. Lamont v. State, 610 So. 2d 435, 438 (Fla. 1992) (holding "that one convicted of a life felony is not subject to enhanced punishment as a habitual offender under section 775.084").[1] The trial court properly corrected only the portion of Flanders' sentence that was illegal – the habitual violent felony offender enhancements on the attempted first degree murder charge – and left the remaining, legal portions of the sentence intact and untouched.

That is what the Florida Supreme Court did in Lamont. There, the defendant (Andre Lamont) had been sentenced as an habitual violent felony offender for armed sexual battery (a life felony), armed burglary (a first degree felony), and

_____

[1] The Legislature amended section 775.084 to include life felonies effective for crimes committed on or after October 1, 1995. Lafleur v. State, 661 So. 2d 346, 349 n.1 (Fla. 3d DCA 1995) ("We note also that, effective October 1, 1995, the legislature has overruled Lamont by providing that life felonies are subject to habitual offender sentencing.").

armed kidnapping (which was reclassified as a life felony under section 775.087(a)(1)). Id. at 436. The Florida Supreme Court concluded that it was error to sentence the defendant as an habitual violent felony offender for the life felonies, but found it was not error to apply the enhancement to the defendant's conviction for armed burglary, which was a first degree felony, because the habitual violent felony offender statute included enhancements for first degree felonies. Id. at 438-39. The Court approved the district court's decision "upholding the application of the habitual offender statute to [the] armed burglary conviction," and quashed the decision finding that the statute applied to the life felonies. Id. at 439.

Here, as in Lamont, the trial court corrected the portion of Flanders' sentence that applied the habitual violent felony offender statute to his life-felony attempted first degree murder charge, and denied the Rule 3.800(a) motion as to the rest. We affirm.