DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENIST KEY,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-348

[September 5, 2018]

Petition alleging ineffective assistance of appellate counsel to the Seventeenth Judicial Circuit, Broward County; Mindy F. Solomon, Judge; L.T. Case No. 11-002654CF10A.

Lenist Key, Okeechobee, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Lenist Key has filed a petition alleging that he received ineffective assistance of appellate counsel. We grant the petition as to one claim and remand for the trial court to remove the habitual felony offender (HFO) and habitual violent felony offender (HVFO) designations on both of Key's life felonies and resentence him pursuant to the guidelines. We deny the remaining eight claims without comment, as they are without merit.

Following a jury trial, Key was sentenced as an HFO and HVFO to concurrent terms of life in prison for armed sexual battery and armed kidnapping. He committed the offenses in March 1995.

Key appealed his judgments and sentences in May 2013. This Court affirmed. *See Key v. State,* 179 So. 3d 513 (Fla. 4th DCA 2015). In his petition, Key alleges that his appellate counsel was ineffective in not challenging the habitual offender designations on direct appeal, because at the time of his offenses, life felonies were not subject to enhanced punishment as a habitual offender. We agree.

Armed sexual battery is a life felony. *See* § 794.011(3), Fla. Stat. (1993). Kidnapping is a first degree felony. *See* § 787.01(2), Fla. Stat. (1993). However, when a firearm is used, kidnapping is reclassified as a life felony. *See* § 775.087(1)(a), Fla. Stat. (1993).

In response to this Court's order to show cause, the State concedes that life felonies were not subject to enhanced punishment under the habitual offender statute in effect at the time Key committed the above-noted crimes. *See Lamont v. State*, 610 So. 2d 435, 438 (Fla. 1992) (holding that one convicted of a life felony is not subject to enhanced punishment as a habitual offender under section 775.084); *Flanders v. State*, 217 So. 3d 160, 161 (Fla. 3d DCA 2017) (explaining that section 775.084 did not provide for enhanced sentencing on life felonies committed prior to October 1, 1995).

Key's sentences as a habitual offender for these offenses are therefore illegal. Appellate counsel was ineffective for failing to move to correct the sentence and if unsuccessful, raising the issue on direct appeal or in a rule 3.800(b)(2) motion. *See Marshall v. State*, 241 So. 3d 969, 970 (Fla. 1st DCA 2018); *see also Maddox v. State,* 760 So. 2d 89, 102 (Fla. 2000); *Anderson v. State*, 988 So. 2d 144, 146 (Fla. 1st DCA 2008).

In *Thomas v. Singletary*, 751 So. 2d 66 (Fla. 2d DCA 1999), the court remanded the case merely to correct the sentences to remove the habitual offender status, as "his presumptive guideline sentence for each of these offenses was also a life sentence." *Id.* at 67 n.2. That is not the situation here, as Key's "presumptive guideline sentences" for the two convictions were both under twenty-two years.

The First District has held that once a defendant's habitual offender designations are stricken, the trial court has discretion in resentencing pursuant to the sentencing guidelines, including discretion to impose an upward departure sentence if it provides written reasons. *Bell v. State*, 219 So. 3d 221, 223 (Fla. 1st DCA 2017). A defendant is entitled to be present and represented by counsel for resentencing in this situation, since the trial court would not be completing a purely ministerial act. *Id.; see also Jordan v. State,* 143 So. 3d 335, 339-40 (Fla. 2014) (concluding that a resentencing based on improper imposition of habitual offender designation was not a ministerial act because the trial court has discretion under sentencing guidelines applicable at the time of the offense).

We therefore grant the petition as to this claim and remand for resentencing under the applicable sentencing guidelines. As in *Bell*, Key is entitled to be present and represented by counsel at resentencing.

*Petition granted in part, denied in part, and remanded.*

DAMOORGIAN, CONNER and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**