UNITED STATES of America,
Plaintiff-Appellee,

v.

John Richard BECKETT,
Defendant-Appellant.

No. 82–2512
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 23, 1983.

Rehearing Denied Aug. 11, 1983.

Richard W. Rogers, III, Corpus Christi, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Prosecutorial misconduct, fortunately occurring only occasionally, mars any trial in which it occurs and gives grounds for appeal. But a conviction should not be set aside if the prosecutor's conduct, however wrongful, did not in fact contribute to the guilty verdict and was, therefore, legally harmless. For this reason, despite the occurrence of improper conduct by the prosecutor, we affirm the conviction of John Richard Beckett on two counts of possession of an illegally made, unregistered, and unidentified sawed-off shotgun. Because, however, the Assistant United States Attorney involved in this case has committed repeated acts of misconduct, we decline to condone his behavior and direct a hearing to determine whether he should be disciplined.

Beckett was charged with possession of an illegally made and unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(c), (d), (i) (1976). One of the witnesses who testified against him was an agent of the Bureau of Alcohol, Tobacco, and Firearms who had previously interrogated Beckett. Beckett took the stand in his own defense. During his cross-examination the prosecutor, Robert Berg, put this question:

Q. You also told [the federal agent] that because you had been convicted of a felony, you knew that you could not have any firearms yourself, didn't you?

Besides the unnecessary reference to a prior felony conviction, which had been brought out on direct examination,[1] this question implied Beckett's guilt of a crime with which he was not charged: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(h) (1976).[2] Therefore, it was obviously improper.

Defense counsel promptly made a motion for mistrial. The court denied the motion and instructed the jury "the only offense [sic] for which this man is on trial are those before you today and those in the indictment." Beckett's attorney reurged the motion at the end of the defense's evidence, but the court again denied it on the basis that, if the remark was error, no harm occurred. The jury convicted Beckett on two counts: violation of §§ 5861(d) and (i). To determine whether the court was correct in holding that the question had no harmful effect, we examine the evidence.[3]

The manager of an apartment complex in Corpus Christi, Texas, sent a maintenance employee to an apartment leased to Beckett. The employee discovered a sawed-off shotgun beneath the bed in the apartment. He informed the management and the security officer, an off-duty Corpus Christi police officer, who took custody of the shotgun. The police officer delivered the shotgun to Special Agent Martz of the Bureau of Alcohol, Tobacco, and Firearms. The agent found that the weapon was operable, did not have a serial number, and was not registered. Beckett made a statement to the agent that the shotgun had been brought to his previous residence by Christopher Longoria, a 15-year-old, in November 1981, that Longoria left the shotgun there, and that Beckett took it with him when he moved to the apartment.

1. We set forth rules regarding permissible cross-examination about prior convictions in a case factually similar to this one. *United States v. Tumblin,* 551 F.2d 1001 (5th Cir.1977). We reiterate that a testifying defendant is required " 'to give answers only as to whether he ha[s] been previously convicted of a felony, as to what the felony was, and as to when the conviction was had.' " *Id.* at 1004 (quoting *Tucker v. United States,* 409 F.2d 1291, 1294 n. 1 (5th Cir.1969)).

2. *Cf. United States v. Singleterry,* 646 F.2d 1014, 1018 (5th Cir.1981) (plain error to question defendant on cross-examination about

whether he associated with convicted felons); *United States v. Graham,* 325 F.2d 922, 926 n. 2 (6th Cir.1963) (plain error to imply during cross-examination that defendants were drug addicts and had acquired drugs for own use).

3. We must examine all of the record evidence because our function is to assess the impact of the improper question in the context of the entire trial. *See United States v. Bosby,* 675 F.2d 1174, 1185 (11th Cir.1982); *United States v. Davis,* 546 F.2d 583, 593 (5th Cir.), *cert. denied,* 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977).

Longoria's mother testified that she overheard an argument between Christopher and Christopher's father concerning a sawed-off shotgun and that his father told Christopher to get rid of the weapon. Beckett testified on direct examination that he had been convicted of the unauthorized use of a motor vehicle when he was 17 years old and that this experience resulted in his religious conversion and his work with troubled youth. He stated that Longoria and another youth, John Hill, brought the shotgun to the place where he was residing almost two years before it was discovered in his apartment. He said that he forbade Longoria to take the weapon from the house because he feared that it would be used in a gang fight; he discovered the gun when he moved in March 1982 and told John Hill to get rid of it, and he did not see the gun again or know about it until Martz questioned him near the end of July 1982.

During the course of Beckett's direct examination he testified about his prior conviction. The offensive question came in the course of a probing attempt to impeach his credibility during a lengthy cross-examination.

On appeal, Beckett's sole argument is that the prosecutor's question referring to the illegality of his possession of a firearm as a convicted felon confused the jury and prejudiced him. In a brief whose content, apart from frontispiece, certificate, and required recitals consists of one and one-half pages, without citation of a single case or statute, the government's position is, "Under the circumstances the question asked by the prosecutor regarding appellant's prior conviction was at most harmless error." There follows a recital of the facts and a quotation of the court's ruling. No effort is made to condone the prosecutor's question. The brief does point out that the jury was not informed that possession of a firearm by a convicted felon is itself a separate offense.

The appeal is without merit. In *United States v. Constant,* 501 F.2d 1284 (5th Cir. 1974), *cert. denied,* 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 840 (1975), we affirmed the denial of a new trial for just such an error on the ground that it was harmless. The defendant had been questioned during cross-examination about a possible prior conviction, which he denied. The prosecution made no attempt to prove its existence. We noted that "[t]he error in this case is of a type that has the potential for great prejudice, but it is not for that reason alone an error of constitutional proportions, and therefore must be judged by the standard applicable to nonconstitutional errors...." 501 F.2d at 1289. The court found the prosecutor's conduct improper but concluded that the error was harmless because of the overwhelming evidence of the defendant's guilt.

The evidence against Beckett is also overwhelming. Because Beckett had already testified to the fact of his conviction during the direct examination and because the court admonished the jury to consider only the charges actually being tried, this question could have had but a slight effect, if any, on the jury. Therefore, it was harmless. *Kotteakos v. United States,* 328 U.S. 750, 764–65, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557, 1566 (1946); *United States v. Rodriguez,* 573 F.2d 330, 333 (5th Cir.1978); *see also United States v. Lippner,* 676 F.2d 456, 462–63 (11th Cir.1982). Accordingly, the court did not err in denying Beckett's motion for a mistrial.

In this instance the criminal is not to go free because the prosecutor blundered.[4] But the United States Attorney's duty is not merely to secure a conviction, even of one against whom the evidence is overwhelming. He serves also as the arm of a department whose title is Justice. He owes a duty to that department, to the court, and to the Republic to execute his office according to the highest ethical precepts and to avoid besmirching the trial process.[5]

---

4. *See People v. Defoe,* 242 N.Y. 13, 21, 150 N.E. 585 (1926) (Cardozo, J.).

5. In *United States v. Bursten,* 453 F.2d 605, 610–11 (5th Cir.1971), *cert. denied,* 409 U.S. 84, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972), we stated

Personal responsibility for innocent error should be readily forgiven. But error frequently repeated must be corrected. Neither the blundering prosecutor nor the blundering constable should be permitted to blunder forever. The Assistant United States Attorney who put the offensive question here has been repeatedly found to have committed prosecutorial misconduct. In five reported cases we found his errors harmless,[6] and in two cases, we reversed the conviction because of them.[7] In several of these cases, we quoted in full Justice Sutherland's admonition that the United States Attorney represents a government "whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." These words, written a half century ago, remain the mandate to a lawyer who bears the proud title, United States Attorney. The means he employs are as important as the ends he seeks to achieve. He must avoid striking foul blows even at culprits, however guilty.

We have already "strictly warned" Mr. Berg that, "[your] trial tactics have formed the basis for at least three recent appeals to this court.... We shall issue no further warnings. To appear as counsel in a federal court is a privilege which may be forfeited."[8] The district court is, therefore, directed to hold a hearing on the question whether Mr. Berg, as a member of the bar of its court and ours, should be subject to disciplinary action.[9] We commend to the district judge's attention the opinion in *United States v. Modica*, 663 F.2d 1173, 1182–86 (2d Cir.1981) (per curiam), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).

For the reasons given, the judgment of conviction is AFFIRMED. The district court shall, however, conduct the proceeding we have discussed contradictorily with Mr. Berg.

---

that the prosecutor does not have a "hunting license exempt from ethical constraints of advocacy." We reiterate that admonition today.

**6.** *See United States v. Montemayor*, 684 F.2d 1118, 1126 (5th Cir.1982) (improper comments in jury argument not plain error; "That such actions do not warrant a reversal of this case should not suggest that we approve of them or that they merit emulation."); *United States v. Lay*, 644 F.2d 1087, 1089 n. 2, 1091 (5th Cir.) (improper question about criminal charge which did not result in conviction; characterized as "brief and inadvertent"), *cert. denied*, 454 U.S. 869, 102 S.Ct. 336, 70 L.Ed.2d 172 (1981); *United States v. Okenfuss*, 632 F.2d 483, 485–86 (5th Cir.1981) (improper argument with the court and improper conduct during the trial not plain error; quoted Justice Sutherland's opinion in *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935)); *United States v. Handly*, 591 F.2d 1125, 1132 (5th Cir.1979) (improper opening and closing arguments; expressed "our dismay that attorneys would make statements such as those in this case despite the Court's repeated disapproval. While recognizing that this appellant's rights were not prejudicially affected, we remind prosecutors that improper statement [sic] such as these will subject their cases to severe scrutiny and could result in reversals of hard-won convictions.") (citation omitted); *United*

States v. Price, 573 F.2d 356, 365 n. 25 (5th Cir.1978) (improper closing argument "probably" would not merit reversal).

**7.** *See United States v. Singleterry*, 646 F.2d 1014, 1019 (5th Cir.1981) ("intentionally and purposefully" questioning the defendant in an improper manner and making improper statements in closing argument); *United States v. Garza*, 608 F.2d 659, 664 n. 3 (5th Cir.1979) (improper closing argument found to be plain error; characterized the prosecutor's argument as "virtually textbook examples of what a closing argument should *not* be;" quoted Justice Sutherland's opinion in *Berger*) (emphasis in original).

**8.** *Singleterry*, 646 F.2d at 1019–20.

**9.** We are compelled to order such a hearing lest, in the words of Judge Frank, our reprimands to Mr. Berg become "helpless piety ... actual condonation of counsel's ... offense, with verbal disapprobation." *United States v. Antonelli Fireworks Co.*, 155 F.2d 631, 661 (2d Cir.) (dissenting opinion), *cert. denied*, 329 U.S. 742, 67 S.Ct. 49, 91 L.Ed. 640 (1946). We are not content that our "deprecatory words [become] purely ceremonial" and we are not willing to give Mr. Berg yet another "ritualistic verbal spanking." 155 F.2d at 661.