444 So.2d 1019 (1984)
Fabian HALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2144.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Rehearing Denied February 20, 1984.
*1020 Bennett H. Brummer, Public Defender and Gitlitz, Keegan & Dittmar and James D. Keegan, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and William P. Thomas, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The primary argument[1] for reversal of the defendant's armed robbery conviction raises a substantial question concerning the prosecutor's final argument to the jury. We have concluded, however, although portions of the summation were in fact unsupportable,[2] and even assuming that the issue was properly preserved below, that the improprieties do not justify reversal. The evidence against Hall, including the testimony of the victim and, more important, two eyewitnesses who had previously known the defendant and who identified him as the perpetrator they had seen commit the crime when he was apprehended very shortly after it occurred, was so overwhelming as to render the argument legally harmless. State v. Murray, 443 So.2d 955 (Fla. 1984); Carr v. State, 430 So.2d 978 (Fla. 3d DCA 1983); Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982). Our function is to determine the result of this and every other appeal in accordance with the demands of essential justice to all litigants in the cause. That high purpose is not achieved if a reversal is employed in a criminal case solely to discipline an attorney for misconduct which did not affect the outcome of the trial or the substantial rights of the defendant. Other means in appropriate cases exist for that purpose. United States v. Beckett, 706 F.2d 519, 521 (5th Cir.1983) (although improprieties harmless and therefore conviction affirmed on the ground that "criminal is not to go free because the prosecutor blundered," court ordered disciplinary proceedings to be conducted against Assistant United States Attorney); see generally, United States v. Modica, 663 F.2d 1173 (2d Cir.1981) (per curiam), cert. denied, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982); Murray v. State, supra; Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982).[3] On this record, the judgment below is therefore
Affirmed.
NOTES
[1] The other has no merit and requires no discussion.
[2] One of the remarks in question is the following appeal for sympathy with the victim:

Do not decide this case because you feel sorry for anybody, because if you really feel sorry for anybody, I would ask you to feel sorry for Mr. Manfready.
You have heard so much about the Defendant's right, and it's well and good that our constitution gives people rights, but what about the rights of Mr. Manfready, that hard working cab driver, to earn a living, to be safe from this kind of action that you heard about today, in the last few days? His rights are the ones that have been sacrificed.
Feel sorry for him. Don't feel sorry for him (indicating) because he's the one that started this whole thing.
But see, e.g., Harper v. State, 411 So.2d 235 (Fla. 3d DCA 1982), and cases cited.
[3] It is obvious that the mere fact that prosecutorial misconduct does not result in reversal does not render it acceptable behavior. See United States v. Beckett, supra, 706 F.2d at 521-22.