SCHWARTZ, Chief Judge.
Madraso appeals from his convictions and sentences for attempted first-degree murder with a firearm and unlawful possession of a firearm by a convicted felon.
The primary claims of trial error arise from alleged prosecutorial improprieties in the opening statement and final argument [1] and the allegedly erroneous admission of evidence of flight. While we are inclined *750 to agree that error has indeed been demonstrated on these issues, we must conclude— on the basis of the overwhelming, indeed undisputed, evidence against the appellant— that the incidents in question were individually and collectively harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986); State v. Murray, 443 So.2d 955 (Fla.1984); Hall v. State, 444 So.2d 1019 (Fla. 3d DCA 1984).[2] Therefore, the convictions are affirmed.
As the state concedes, however, there is error in the sentences imposed as to both counts below.
1. The trial court improperly entered a habitual offender sentence for attempted first-degree murder with a firearm, which is a life felony. Lamont v. State, 610 So.2d 435 (Fla.1992). Consequently, Madra-so is to be resentenced as to this charge under a properly calculated guidelines score-sheet. Because, however, the trial judge— who imposed the sentence in the period before our contrary decision in Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992) was reversed by the supreme court — was not aware that he was bound by the guidelines, he may enter an upward departure at resen-tencing so long as appropriate written reasons are then assigned. State v. Betancourt, 552 So.2d 1107 (Fla.1989); Roberts v. State, 547 So.2d 129 (Fla.1989). Compare Cook v. State, 632 So.2d 86 (Fla. 3d DCA 1994) (habitual offender status erroneously assigned as basis for upward departure).
2. The formal sentence imposed for possession of a firearm by a convicted felon should be modified to omit the reference to habitual offender status as to that count so as to conform to the oral pronouncement of the trial court at sentencing.
Affirmed in part, vacated in part and remanded.

. Perhaps the worst of these remarks was that: If Miguel Espinosa [the victim] tells you what happened and the only witness who tells you what happens is Miguel Espinosa, nobody contradicts him, then you must believe what Miguel Espinosa said.

. As we said in Hall:
Our function is to determine the result of this and every other appeal in accordance with the demands of essential justice to all litigants in the cause. That high purpose is not achieved if a reversal is employed in a criminal case solely to discipline an attorney for misconduct which did not affect the outcome of the trial or the substantial rights of the defendant. Other means in appropriate cases exist for that purpose.
******
3. It is obvious that the mere fact that prose-cutorial misconduct does not result in reversal does not render it acceptable behavior. See United States v. Beckett, supra, 706 F.2d [519] at 521-22.
Hall v. State, 444 So.2d 1019, 1020 (Fla. 3d DCA 1984).