689 So.2d 1150 (1997)
Antonio NATHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-05180.
District Court of Appeal of Florida, Second District.
February 28, 1997.
*1151 PARKER, Acting Chief Judge.
Antonio Nathan appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Nathan alleged in his motion that his sentence of forty years as a habitual felony offender for burglary of a dwelling with assault or battery with a firearm is illegal. The state concedes that Nathan is entitled to relief. We reverse.
In 1991 a jury convicted Nathan of burglary of dwelling with assault or battery with a deadly weapon, a firearm, and two other felonies.[1] In his rule 3.800 motion, Nathan attacks only the habitual offender sentence for the burglary charge. Nathan correctly points out that the punishment for that felony is provided by section 810.02(2)(a) and (b), Florida Statutes (1991),[2] and is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment. Nathan argues that because the jury convicted him of burglary of a dwelling with assault or battery while armed with a firearm, his sentence should have been enhanced to a life felony under section 775.087(1)(a), Florida Statutes (1991),[3] and, as a life felony, the trial court could not sentence him under the habitual offender statute.
The trial court denied Nathan's motion finding that (1) the offense was, in fact, scored as a first-degree felony punishable by life and (2) if it were improper and should have been scored as a life felony, the matter should have been raised on direct appeal or raised pursuant to Florida Rule of Criminal Procedure 3.850 which is now time barred and successive. That finding was error. A motion to correct an illegal sentence can be raised at any time. Fla. R.Crim. P. 3.800(a). Furthermore, a habitual offender sentence is illegal for purposes of a motion to correct an illegal sentence if the terms or conditions of the sentence exceed those authorized by the habitual offender statute. Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla.1992).
In Grant v. State, 677 So.2d 45 (Fla. 3d DCA 1996), the defendant was charged with and convicted of a 1993 burglary with an assault or battery while using a weapon. The judgment listed the crime as a first-degree felony, and the trial court found the defendant to be a habitual violent felony offender. In reversing the sentence, the Third District Court stated:
Defendant correctly argues that the judgment is in error in classifying the crime as a first degree felony. Here the state elected to charge defendant with burglary with an assault or battery. See § 810.02(2)(a), Fla. Stat. (1993). That offense is a first degree felony punishable by life imprisonment. Id. The effect of the weapon enhancement statute, § 775.087(1), Fla. Stat., is to enhance the offense from a *1152 first degree felony to a life felony. Id. § 775.087(1)(a). Consequently, the judgment should have reflected that the burglary offense in this case is a life felony. See id.; Lamont v. State, 610 So.2d 435, 438-39 (Fla.1992); Lareau v. State, 573 So.2d 813, 814-15 (Fla.1991); Lafleur v. State, 661 So.2d 346, 349 (Fla. 3d DCA 1995).
It follows ... that defendant's adjudication as a habitual violent felony offender on this count must be reversed ... Under the version of the habitual offender statute in existence at that time, the statute did not provide an enhanced habitual offender penalty for a defendant who committed a life felony. Lamont v. State, 610 So.2d at 438; Lafleur v. State, 661 So.2d at 349.
Grant, 677 So.2d at 46 (footnote omitted).
The state concedes that Nathan is entitled to relief based upon the reasoning set forth in Lamont[4] and Lareau. Accordingly, we reverse the order denying Nathan's rule 3.800 motion and remand for resentencing on the crime of burglary of a dwelling with assault or battery with a deadly weapon.[5]
PATTERSON and WHATLEY, JJ., concur.
NOTES
[1] The other two felonies were aggravated assault with a deadly weapon, a firearm, and grand theft motor vehicle. At sentencing, Nathan also was sentenced on one other felony and two misdemeanors.
[2] Section 810.02, Burglary, provides:

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person.
(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.
[3] Section 775.087, Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence, provides, in relevant part:

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
[4] Effective October 1, 1995, the legislature has overruled Lamont by providing that life felonies are subject to habitual offender sentencing. 1995 Fla. Sess. Law. Serv. ch 95-182, § 2 (West) (amending § 775.084(4)(a)1). Lafleur, 661 So.2d at 349, n. 1.
[5] In its concession of error, the state has suggested that the trial court follow certain procedural requirements in resentencing Nathan "to avoid further sentencing errors on remand." This court includes those suggestions in this opinion in order that the trial court may review the state's position concerning preparation of a sentencing guidelines scoresheet and resentencing options. Those suggestions are as follows:

(1) On remand the trial court must prepare a sentencing guidelines scoresheet for the offense of "Burglary of a Dwelling with Assault or Battery with a deadly weapon; to wit, a firearm," which should be scored as a life felony. Furthermore, the offenses for which the Appellant was properly habitualized (Aggravated Assault, Grand Theft Auto, and Sale of a Counterfeit controlled substance), listed as "Additional offenses" on the original scoresheet must not be scored on the revised scoresheet. Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992).
(2) The trial court should be permitted to consider departing from the guidelines as to that offense so long as legal written reasons are then assigned. Madraso v. State, 634 So.2d 749 (Fla. 3d DCA 1994) [review denied, 645 So.2d 453 (Fla.1994)].
(3) The new sentence imposed under the guidelines for the burglary offense may run consecutive to the habitualized offenses so long as the total sentence (guidelines and habitualized sentences) does not exceed the original sentence of forty years contemplated by the trial court and appellant is given credit for the prison time already served on the burglary charge. See Gipson v. State, 616 So.2d 992 (Fla.1993) and Blackshear v. State, 531 So.2d 956 (Fla.1988).