PER CURIAM.
Waadew Aysisayh appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Ay-sisayh was convicted of sexual battery and sentenced as a habitual offender on May 8, 1980. Aysisayh alleges that he was convicted of life felony sexual battery[1] and that therefore the imposition of a habitual offender sentence was illegal. The habitual offender statute in effect at the time Aysisayh’s offenses were committed did not apply to life felonies. See section 775.084, Fla. Stat. (1979); Lamont v. State, 610 So.2d 435 (Fla.1992) (holding that a similarly worded statute did not apply to life felonies). If Aysisayh’s claim is correct, he is entitled to relief. See Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997).
Because the documents attached by the trial court do not refute this claim, we reverse and remand. On remand, the trial court may again summarily deny the claim if record attachments conclusively show that Aysisayh was convicted of a lesser degree of sexual battery. If Aysisayh’s claim proves true, the trial court must *668 remove the habitual offender designation, but need not resentence him because his thirty-year sentence was the minimum then allowed for a life felony. See, e.g., Miller v. State, 696 So.2d 913 (Fla. 2d DCA 1997)(holding that where an improperly imposed habitual sentence was within the guidelines, the court on remand need only remove the habitual offender designation and need not resentence defendant).
The trial court’s order is affirmed as to Aysisayh’s other claims.
Affirmed in part; reversed in part; and remanded.
FULMER, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.

. Depending on the circumstances, Aysisayh’s conviction for sexual battery could have been for a life" felony, a first-degree felony, or a second-degree felony. See section 794.011, Fla. Stat. (1979).