PER CURIAM.
Thomas E. Barnard timely appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court failed to attach record documents refuting the motion, we reverse.
In his first claim, Barnard alleged that the trial court erred by reclassifying his kidnapping conviction from a first-degree felony to a life felony when the jury did not make a specific finding regarding the use of a weapon. See Reyes v. State, 676 So.2d 31 (Fla. 2d DCA 1996) (reversing summary denial without attachments of rule 3.800(a) motion alleging improper sentence enhancement in absence of jury finding that defendant possessed firearm). In his second claim, Barnard alleged that the trial court erred by imposing a habitual offender sentence for armed burglary because the conviction was enhanced to a life felony based on the use of a weapon. See, e.g., Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997) (holding that under 1991 version of habitual offender statute, defendant could not receive habitual offender sentence for life felony); Aysisayh v. State, 752 So.2d 667 (Fla. 2d DCA 2000) (reversing summary denial of 3.800(a) relief where defendant claimed improper habitual offender sentence for life felony). Accordingly, we reverse. On remand, the trial court may again deny relief if it attaches the record documents that support this decision.
Reversed and remanded.
BLUE, A.C.J., and GREEN and SILBERMAN, JJ., concur.