GREEN, Judge.
Kendrick Devlin challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
. Devlin pleaded to attempted first-degree murder and grand theft auto and, in accordance with the plea negotiations, was sentenced as a habitual offender to twenty-five years’ imprisonment followed by five years’ probation on the attempted first-degree murder conviction and to five years’ imprisonment on the grand theft auto conviction, with both sentences to run concurrently. In his motion, Devlin alleges that his habitual offender sentence for attempted first-degree murder is illegal because his conviction should have been enhanced from a first-degree felony to a life felony pursuant to section 775.087(1), Florida Statutes (1993). The basis for this claim is that the information to which Dev-lin pleaded alleged that he used a weapon during the commission of the offense[1] and that under the 1993 statutes a life felony was not subject to an enhanced punishment as a habitual offender.
Devlin alleged a facially sufficient claim for relief.[2] See Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997); see also Harvey v. State, 787 So.2d 149 (Fla. 2d DCA 2001). The trial court denied the claim, finding that Devlin had *859 previously raised the same claim and that the trial court’s order of summary denial had been affirmed by this court. The trial court is incorrect. In his previous motion, Devlin alleged that his conviction for first-degree murder had been enhanced to a life felony pursuant to section 775.087(1). The trial court, in denying the prior motion, correctly found that Devlin’s conviction had in fact not been enhanced from a first-degree felony to a life felony. In his present motion, Devlin alleged that his sentence was illegal because the trial court failed to enhance his first-degree murder conviction based on the use of a weapon. This is clearly a different ground for relief than the one alleged in the prior motion.
We reverse the order of the trial court and remand with directions to the trial court to consider Devlin’s claim. If the trial court again summarily denies Devlin’s motion, it shall attach those portions of the record which conclusively refute the claim. If the trial court grants Devlin’s motion, it shall sentence Devlin on the enhanced attempted first-degree murder conviction in accordance with a recalculated sentencing guidelines scoresheet. See Nathan, 689 So.2d at 1152 n. 5. However, should the State decide the corrected sentence deprives it of the benefit of the bargain, it may elect to set aside Devlin’s pleas to attempted first-degree murder and grand theft auto. See Porter v. State, 737 So.2d 1119 (Fla. 2d DCA 1999). The State may then proceed on the charges of attempted first-degree murder with a weapon and grand theft auto, and if Devlin is convicted as charged, the trial court may consider departing from the guidelines and imposing the maximum sentences under the statutes if it determines that there is a valid legal reason, such as an escalating pattern of criminal activity, to depart from the sentencing guidelines.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and WHATLEY, J., Concur.

. Devlin alleged that the information charged that he attempted to kill the victim by stabbing and beating her with a tire iron.

. We note that even though Devlin entered into a negotiated plea, the trial court may not impose an illegal sentence even though it is part of a plea bargain. Watkins v. State, 613 So.2d 1350 (Fla. 2d DCA 1993).