PER CURIAM.
 

 Antonio Detemere Jackson appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) postconviction motion to correct illegal sentence. We affirm.
 

 Jackson pled nolo contendere to burglary of a dwelling while masked and resisting an officer without violence. The trial court found he qualified as a habitual felony offender and sentenced him to fifteen years’ imprisonment. As he did below, Jackson asserts that being sentenced as a habitual felony offender was illegal because (1) habitual felony offender sanctions are not available for a life felon; (2) his prior felonies were not within five years of the instant offense; and (3) his prior felonies were sentenced at the same proceeding. These arguments are unpersuasive.
 

 Jackson’s assertion that a defendant convicted of a life felony may not be sentenced as a habitual felony offender is inapplicable to him and incorrect as a matter of law. The most serious charge for which Jackson was convicted was burglary of a dwelling while masked, a first-degree felony. A person who commits a first-degree or life felony can be sentenced as a habitual felony offender.
 
 See
 
 § 775.084(4)(a)1., Fla. Stat. (2004);
 
 Nathan v. State,
 
 689 So.2d 1150, 1152 n. 4 (Fla. 2d DCA 1997).
 

 To impose habitual felony offender sanctions, the defendant must have committed two or more previous felonies within this state. § 775.084(l)(a)l. The felony for which a defendant is to be sentenced must have occurred “[w]ithin 5 years of the date of the conviction of the defendant’s last prior felony or other qualified offense, or within 5 years of the defendant’s release from a prison sentence ... whichever is later.” § 775.084(l)(a)2.b. The prior qualifying “felony must [also] have resulted in a conviction ... sentenced separately from any other felony conviction that is to be counted as a prior felony.” § 775.084(5).
 

 Jackson was previously convicted of a third-degree felony for attempted robbery on August 20, 1997, and a second-degree felony for robbery on March 4, 1998. He was released from prison on the robbery conviction on September 3, 1999. As the record reflects, these prior convictions were sentenced separately and his September 1999 release was within five years of his current offense. Consequently, Jackson was properly classified and sentenced as a habitual felony offender.
 

 AFFIRMED.
 

 PALMER, TORPY and COHEN, JJ, concur.