671 So.2d 855 (1996)
Cemel GRAYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0732.
District Court of Appeal of Florida, Fourth District.
April 17, 1996.
Sara Blumberg of Sara Blumberg, P.A., Boynton Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
We affirm the conviction but, in accordance with the state's concession of error, we reverse defendant's sentence because the trial court did not comply with the provisions of subsection 39.059(7)(d), Florida Statutes (1995), before imposing adult sanctions.
Defendant was a sixteen-year old juvenile at the time the crime was committed in 1993. Defendant was tried as an adult and found guilty of manslaughter with a firearm. The trial court sentenced defendant on January 31, 1995, as an adult, to twenty years incarceration in the Department of Corrections with a recommendation of youthful offender status while defendant was a youthful offender. At the time of sentencing, defendant was seventeen.
Prior to sentencing, the legislature amended subsection 39.059(7) in 1994. The amended statute eliminates the requirement imposed by Troutman v. State, 630 So.2d 528 (Fla.1993), and by subsection 39.059(7)(d), Florida Statutes (1993), that the trial court render specific findings of fact and address in writing all of the statutory criteria before imposing adult sanctions. See Robinson v. State, 642 So.2d 1204 (Fla.4th DCA 1994).
We have held that the amended statute should be applied retroactively to defendants who committed their offenses prior to 1994, *856 but were sentenced after the effective date of the amendment. See Lutz v. State, 664 So.2d 1060, 1061 (Fla.4th DCA 1995); Thomas v. State, 662 So.2d 1334, 1336 (Fla.1st DCA 1995). As the state concedes, the trial court did not sentence defendant in accordance with the amended statute.
Although eliminating the requirement imposed by Troutman, the amended statute still retains many of the provisions of the former statute. Subsection 39.059(7)(a) was significantly amended to provide that:
(7)(a) At the sentencing hearing the court shall receive and consider a presentence investigation report by the Department of Corrections regarding the suitability of the offender for disposition as an adult, a juvenile, or a youthful offender. The presentence investigation report must include a comments section prepared by the Department of Juvenile Justice, with its recommendations as to disposition. This report requirement may be waived by the offender.
Here, the trial court did not receive a report and recommendation from the Department of Corrections regarding the suitability of the offender for disposition as an adult, a juvenile, or a youthful offender, as required by subsection 39.057(7)(a). Additionally, the presentence investigation report did not include a comments section prepared by the Department of Juvenile Justice with its recommendations as to the disposition of defendant's sentence, which was also required by that subsection.
Although the statute as amended no longer requires that the trial court set forth specific findings in writing, it nevertheless still mandates that the trial court consider the relevant statutory criteria to determine whether youthful offender or juvenile sanctions should be imposed. § 39.059(7)(c), Fla. Stat. (1995). While a trial court's decision to sentence a juvenile defendant as an adult is presumed appropriate, the statute still specifies that "any decision to impose adult sanctions must be in writing." § 39.059(7)(d), Fla.Stat. (1995). In this case, there was no written decision to impose adult sanctions.
Accordingly, we affirm the conviction, but reverse the sentence and remand for resentencing in accordance with this opinion.
KLEIN and GROSS, JJ., concur.