RYDER, Acting Chief Judge.
Antonio Collins, a juvenile, entered a plea of no contest to the charge of armed burglary, a first degree felony punishable by life. As part of his plea, he agreed to a term of eighty-two months’ imprisonment. He did not, however, waive his rights to a written order, as required by section 39.059(7)(d), Florida Statutes (Supp.1994). See Sirmons v. State, 620 So.2d 1249 (Fla.1993) (absent a knowing and intelligent waiver, a plea agreement does not waive a juvenile’s right to a written determination of the suitability of adult sanctions). Because Collins was sentenced after October 1, 1994, the 1994 version of section 39.057 applies to this case. Lutz v. State, 664 So.2d 1060, 1061 (Fla. 4th DCA 1995). The trial court no longer needs to make specific factual findings concerning adult sanctions, but the statute still requires that a decision to impose adult sanctions be in writing. § 39.059(7)(d), Fla. Stat. (Supp. 1994); see also Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996). The trial court here did not enter such a written order. We reverse and remand for resentencing. The lower court may again sentence Collins as an adult if it complies with section 39.059.
We have considered the state’s argument that a remand is unnecessary because, under section 39.022(5)(c), Florida Statutes (1993),[1] the court is not required to comply with section 39.059 when sentencing a juvenile for a crime punishable by life imprisonment. We have held that this provision only applies when a defendant is indicted, not when he is charged by information. Kazalkoff v. State, 642 So.2d 596, 598 (Fla. 2d DCA 1994) (en banc). It is, therefore, inapplicable here.
Reversed and remanded for resentencing.
BLUE and FULMER, JJ., concur.

. The 1994 amendments to Chapter 39 deleted this language from section 39.022. It now appears in section 39.0587(d). Ch. 94-209, §§ 19, 50, at 793-794, 831-832, Laws of Fla.