684 So.2d 245 (1996)
Christopher J. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-05196.
District Court of Appeal of Florida, Second District.
December 4, 1996.
Frank W. Zaremba of Yetter & Zaremba, P.A., Bradenton, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Christopher Smith appeals from his judgments and sentences for thirteen counts of burglary and four counts of grand theft. Smith correctly contends that the trial court did not comply with section 39.059(7), Florida Statutes (1995), in sentencing him as an adult. Accordingly, we affirm Smith's convictions but reverse and remand for resentencing.
The trial court sentenced Smith on November 6, 1995, after the October 1, 1994, effective date of the amendment to section 39.059(7). Because he was sentenced after the effective date of the amendment, the amended statute applies. See Collins v. State, 685 So.2d 1345 (Fla. 2d DCA 1996); Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996).
The amended statute does not require the trial court to state in a written order specific findings and address all of the statutory criteria to impose adult sanctions; however, the "decision to impose adult sanctions must be in writing." § 39.059(7)(d), Fla. Stat. (1995). While the trial court did state its reasons at the sentencing hearing for imposing adult sanctions, it did not put its decision to impose adult sanctions in writing. Smith also points out that the presentence investigation lacks a comments section and recommendation by the Department of Juvenile Justice, which section 39.059(7)(a), Florida Statutes (1995), requires. See Grayson, 671 So.2d at 856. Thus, we reverse Smith's sentences and remand for resentencing, at which time the trial court may again sentence Smith as an adult if it complies with section 39.059(7). See Collins, 21 Fla. L. Weekly at D1400, ___ So.2d ___.
*246 Affirmed in part, reversed in part, and remanded.
WHATLEY, J., and PADGETT, J. ROGERS, Associate Judge, concur.