PER CURIAM.
The appellant, Herman Tucker, challenges the sentences imposed upon him after he pled guilty to two counts of false imprisonment, two counts of battery, two counts of aggravated assault, obstructing or opposing *984 an officer with violence, and battery on a law enforcement officer. We reverse and remand for resentencing.
While we affirm without further discussion the appellant’s convictions we must reverse appellant’s sentences and remand for resen-tencing because the trial court failed to reduce to writing its decision to sentence appellant as an adult'. Collins v. State, 685 So.2d 1345 (Fla. 2d DCA 1996). The trial court is no longer required to make specific factual findings in regard to adult sanctions, however, the statute still requires that a court’s decision to impose adult sanctions must be in writing. § 39.059(7)(d), Fla. Stat. (1995); Collins 685 So.2d at 1346. Because the trial court did not enter the required written order, we reverse and remand for resentencing.
Reversed and remanded for resentencing.
THREADGILL, C.J., and SCHOONOVER and NORTHCUTT, JJ., concur.