696 So.2d 528 (1997)
Daniel WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0225.
District Court of Appeal of Florida, Fourth District.
July 9, 1997.
*529 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, a juvenile at the time of the charged offenses, was tried by jury, convicted of third degree felony murder, and sentenced as an adult to thirty years in prison. We affirm the conviction but reverse the sentence.

The pre-sentence investigation report
We find that the trial court erred in sentencing appellant as an adult where the presentence investigation report (PSI) lacked both a recommendation by the Department of Corrections regarding appellant's suitability for disposition as a juvenile or a youthful offender, as well as a comments section prepared by the Department of Juvenile Justice with its disposition recommendations as required under section 39.059(7), Florida Statutes (1995). Because a complete PSI is necessary for an informed sentencing decision, we must remand this cause to the trial court for re-sentencing. See Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996); Smith v. State, 684 So.2d 245 (Fla. 2d DCA 1996).

Departure from the sentencing guidelines
We have also considered appellant's claim that the trial court erred in exceeding the sentencing guidelines for the reasons articulated in the sentencing order, i.e., (1) that the primary offense scored at a level 7 or higher and the defendant has been convicted of one or more offenses that scored, or would have scored, at an offense level 8 or higher; and (2) that appellant is not amenable to rehabilitation as evidenced by an escalating pattern of criminal conduct. See § 921.0016(3)(r), (p), Fla. Stat. (1995), respectively.

Juvenile adjudications and criminal convictions
We agree with appellant that a juvenile adjudication cannot constitute a prior "level 8 or higher" conviction under section 921.0016(3)(r). As a general matter of Florida law, an adjudication of delinquency may not be deemed a "conviction." See § 39.053(3), Fla. Stat. (1995). For this reason, juvenile adjudications are not considered prior "convictions" in classifying a defendant as an habitual offender. Cotton v. State, 652 So.2d 1260 (Fla. 1st DCA 1995); Shook v. State, 603 So.2d 617 (Fla. 1st DCA 1992). Similarly, a prior juvenile adjudication for a violent felony may not serve as an aggravating circumstance under the death penalty statute because it is not a "conviction" as required by the statutory language. See § 921.141(5)(b), Fla. Stat. (1995); Merck v. State, 664 So.2d 939 (Fla.1995). Likewise, we hold that a juvenile adjudication may not serve as a prior "level 8 or higher" "conviction" under section 921.0016(3)(r).

Escalating pattern of criminal conduct
Unlike "convictions," a defendant's "prior record," under the Safe Streets Initiative of 1994, specifically includes juvenile adjudications. § 921.0011(5), Fla. Stat. (1995). Therefore, because the "escalating pattern of criminal conduct" provision, section 921.001(8), refers to the defendant's "prior record," juvenile adjudications may be considered in determining whether a defendant has established a pattern of escalating criminal behavior. See Taylor v. State, 659 So.2d 1202 (Fla. 3d DCA 1995)(distinguishing "convictions" from "prior record" to allow consideration of juvenile adjudications in finding an escalating pattern of criminal conduct).

Establishing the patternsimilarity or temporal proximity
We do not agree with appellant's argument that the trial court abused its discretion in finding an escalating pattern of criminal conduct on the basis of appellant's prior record. Appellant's record includes a burglary of a dwelling in 1991; burglary of an auto, strong arm robbery, and accessory after the fact in August of 1992; armed robbery in October of 1992; strong arm robbery and aggravated battery in March of 1993; and the instant offense of third degree felony murder in June of 1994. Appellant claims *530 that there is no similarity or temporal proximity between the offenses. See State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995)(explaining that the "pattern" requirement can be satisfied either by temporal proximity or similarity of offenses). While appellant's offenses are not necessarily similar, we find that these increasingly serious crimes, committed in each of four successive calendar years, sufficiently meet the test of temporal proximity so as to establish a pattern of escalating criminal behavior. See Davis v. State, 695 So.2d 921 (Fla. 4th DCA 1997)(finding temporal proximity where escalating offenses were committed in 1989, 1993, and 1994). Therefore, on remand, at the sentencing judge's discretion, a departure sentence may be imposed on this basis.
Affirmed in part, reversed in part, and remanded for resentencing before a different judge.
DELL, J., and MUIR, CELESTE H., Associate Judge, concur.