PARKER, Judge.
Angela Benson challenges the sentence imposed after a jury found her guilty of two counts of third-degree murder and one count each of leaving the scene of an accident with injury or death, aggravated fleeing to elude, driving without a license, and grand theft. We remand for the trial court to determine whether Benson is entitled to be resentenced because the sentencing guidelines the trial court used are unconstitutional.
In sentencing Benson, the trial court relied upon the sentencing guidelines as amended in 1995 by chapter 95-184, Laws of Florida. However, the Florida Supreme Court recently found chapter 95-184 unconstitutional as a violation of the single subject rule contained in article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). We therefore remand Benson’s case to the trial court for a determination as to whether she is entitled to be resentenced. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We also note that the trial court failed to put its decision to sentence Benson as an adult in writing.[1] The trial court must put its decision to sentence a juvenile to adult sanctions in writing. See § 39.059(7)(d), Fla. Stat. (1995). See also Smith v. State, 684 So.2d 245 (Fla. 2d DCA 1996) (remanding for resentencing because the trial court failed to put its decision to sentence the juvenile as an adult in writing). Upon remand, the trial court may again impose adult sanctions if it puts its decision to do so in writing.
Because Benson must be resen-tenced, we address Benson’s four other claims of sentencing error. Benson first contends that the trial court improperly included victim injury points on her sentencing scoresheet for injuries suffered by Brandon Evans because Evans was not injured as a direct result of any offense for which Benson was convicted. See § 921.0011(7), Fla. Stat. (1995) (indicating that victim injury points should be scored only when the injury is a direct result of an offense for which the offender is convicted). In this case, Benson was convicted of, among other things, driving without a license in violation of section 322.34(3), Florida Statutes (1995). That section states:
(3)Any person who operates a motor vehicle:
(a) Without having a driver’s license as required under s. 322.03 ...
[[Image here]]
and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree....
§ 322.34(3), Fla. Stat. (1995). Evans was a passenger in the stolen car Benson drove during her flight from the police and was injured as a direct result of Benson’s careless or negligent operation of the car without a license. Therefore, the trial court properly included victim injury points for Evans’ injuries.
Second, Benson contends the trial court failed to consider,the presentence investigation report prepared by the Department of Corrections prior to sentencing her as an adult, in violation of section 39.059(7)(a), Florida Statutes (1995). Contrary to Benson’s contention, the record reflects that the trial court considered the presentence investigation report before making its sentencing decision.
Third, Benson contends that the trial court relied on facts not in evidence in reaching its decision to sentence her as an adult. The evidence in the record, however, supports the trial court’s conclusions *1237 concerning Benson’s criminal history, contacts with the juvenile justice system, and prospects for rehabilitation.
Finally, Benson contends that her constitutional right to equal protection has been violated because Level 10 juvenile programs exist for boys but not for girls. See Art. I, § 2, Fla. Const. On its face, this argument appears to have merit; however, it is clear from the record that the trial court would not have sentenced Benson to a Level 10 program had one existed. Therefore, the lack of a Level 10 program for girls had no effect on Benson’s sentence and her right to equal protection was not violated.
Remanded.
PATTERSON, C.J., and CASANUEVA, J., Concur.

. Benson was 14 years old at the time she committed the underlying offenses and 15 years old at the time of trial and sentencing. She was tried as an adult.