795 So.2d 143 (2001)
Timothy MARTIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3433.
District Court of Appeal of Florida, Third District.
August 29, 2001.
Rehearing Denied October 10, 2001.
Timothy Martin, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., JORGENSON and COPE, JJ.
COPE, J.
Timothy Martin appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.

I.
Defendant-appellant Martin entered a plea bargain for a twenty-seven-year habitual offender sentence in this case. The crime date was December 9, 1989.
Count five was the offense of kidnapping with a weapon or firearm. The firearm enhancement was applied, and the judgment reflects that the offense at conviction was a life felony. See §§ 775.087, 787.01, Fla. Stat. (1989).
Defendant correctly contends that under the version of the habitual offender statute then in effect, the statute did not authorize habitualization for a life felony. Lamont v. State, 610 So.2d 435 (Fla.1992). This issue may be raised by a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Carter v. State, 786 So.2d 1173, 1175 (Fla.2001). Defendant is correct in asserting that the habitual offender adjudication must be eliminated on count five.
We therefore remand the case to the trial court with directions to strike the habitual offender adjudication from count five and resentence the defendant within the guidelines on count five. Since the *144 defendant's guidelines maximum is twenty-two years and the defendant has already agreed, in the plea bargain, to a twenty-seven-year habitual offender sentence on counts one and two, defendant need not be present for the resentencing on count five.

II.
Defendant contends that his conviction on count one was for a life felony, which could not be habitualized. We disagree.
Count one was burglary of an occupied structure with a firearm and an assault or battery. Defendant was charged solely under section 810.02, Florida Statutes (1989). Under that statute, the offense is a first degree felony punishable by life imprisonment. Id. § 810.02(2).[1]
Defendant points out that in the plea colloquy the prosecutor stated that this count was a life felony. The prosecutor was in error. The sole charge in this case was under section 810.02, which is a first degree felony punishable by life imprisonment. Habitualization is permissible for a first degree felony. See § 775.084(4)(a), Fla. Stat. (1989).
Defendant argues that count two was also a life felony on which habitualization would be improper. Again, the defendant is incorrect. Count two was robbery with a firearm. That crime is a first degree felony punishable by life imprisonment. Id. § 812.13(2)(a). A first degree felony is subject to habitualization. Id. § 775.084(4)(a). Again, the prosecutor's mistaken statement that count two was a life felony is not controlling.

III.
Defendant contends that he does not actually qualify as a habitual offender. We disagree.
First, this claim is time-barred. See Bover v. State, 732 So.2d 1187 (Fla. 3d DCA 1999), quashed in part, Carter v. State, 786 So.2d at 1180.
Second, assuming that there were no procedural bar, the defendant's claim is without merit. Defendant acknowledges that he has one prior conviction which would qualify as a predicate offense for habitualization, a 1987 conviction for sale and purchase of cocaine. Defendant argues, however, that his previous convictions were juvenile adjudications which cannot be counted as predicate offenses for habitualization. See Wilson v. State, 696 So.2d 528, 529 (Fla. 4th DCA 1997).
Defendant is in error about the nature of his prior record. In circuit court case number 81-20084, defendant entered a guilty plea and was adjudicated guilty of burglary and grand theft. In circuit court case number 82-3074, defendant also entered a guilty plea and was adjudicated guilty of attempted burglary of a dwelling. The defendant received youthful offender adjudications, and was ultimately incarcerated on both cases. These were not juvenile adjudications. Consequently both cases were properly treated as predicate offenses for habitualization purposes. Thus, it is clear that the defendant qualifies as a habitual offender.[2]
*145 The defendant argues that he should receive the benefit of subsection 775.084(2), which provides that "[t]he placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period." This provision does not apply here. As already stated, the trial court entered adjudications of guilt.
Affirmed in part, reversed in part, and remanded for resentencing on count five.
NOTES
[1] The result is otherwise if the state chooses to charge the defendant with burglary with an assault or battery under paragraph 810.02(2)(a), Florida Statutes, and charges that in committing the offense, the defendant used a firearm in violation of subsection 775.087(1). If the charge is made in that way, then subsection 775.087(1) reclassifies the offense from a first degree felony to a life felony. Grant v. State, 677 So.2d 45, 46 (Fla. 3d DCA 1996); see also Lareau v. State, 573 So.2d 813 (Fla.1991); Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997).
[2] There is a seeming inconsistency in the sentencing order in circuit court case number 82-3074. The judgment on its face indicates that the defendant was adjudicated guilty. The youthful offender sentencing order is a separate form which begins, by stating, "The Defendant, accompanied by his attorney, ..., and having been adjudicated guilty herein, and adjudication having been withheld, ...." Upon comparing this sentencing order with that which was entered in circuit court case number 81-20084, it is clear that this is a standard form and that the intent was for the clerk to cross out the phrase which did not apply. Thus, in the youthful offender order in case number 82-3074, the phrase, "and adjudication having been withheld," should have been crossed out. That scrivener's error does not affect the fact that the judgment on its face in case number 82-3074 indicates that the defendant was adjudicated guilty.

Even if that were not so, the defendant still has at least two qualifying convictions, the 1981 case and the 1987 case.