MONACO, J.
Andrew Odom appeals the summary denial of his rule 3.800(a) motion. Mr. Odom was tried and convicted of robbery with a deadly weapon, and was sentenced in 1997, as an habitual felony offender to serve 20 years in state prison, followed by 20 years of probation.[1] Mr. Odom asserts that the State improperly relied on his 1995 conviction for battery on a law enforcement officer as a predicate offense for habitualization. He argues that he had actually not been “sentenced” for that offense because although he was adjudicated guilty, he had only been placed on probation, and his probation had not been revoked at the time of the 1997 sentencing, even though a violation affidavit had been filed. Mr. Odom is wrong.
The habitualization statute at the time he was sentenced provided that “For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.” See § 775.084(2), Fla. Stat. (1995). As he had been adjudicated guilty of the earlier offense, it was properly treated as a predicate offense for habitualization. See Martin v. State, 795 So.2d 143, 145 (Fla. 3d DCA 2001); Render v. State, 742 So.2d 503 *570 (Fla. 3d DCA 1999), review denied, 770 So.2d 160 (Fla.2000).
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.

. His conviction and sentence were affirmed by this court on direct appeal. See Odom v. State, 715 So.2d 1146 (Fla. 5th DCA 1998).