968 So.2d 82 (2007)
Nathaniel POOLE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2844.
District Court of Appeal of Florida, Fifth District.
November 9, 2007.
Dan D. Hallenberg, of The Law Office of Dan Hallenberg, P.A., Fort Lauderdale, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney *83 General, Daytona Beach, for Appellee.
LAWSON, J.
Nathaniel Poole, Jr., appeals from concurrent fifteen-year sentences on charges of lewd and lascivious conduct, entered after the trial court granted Poole's motion for postconviction relief (on grounds that his prior sentences exceeded the statutory maximum penalty for second degree felonies). Based upon the date of his offense, Poole fell within the Heggs[1] window and was sentenced under the 1994 guidelines. The only issue raised on appeal is whether Poole's upward departure sentence was improper under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm.
We have previously held that Blakely does not apply retroactively to cases that were final prior to its issuance, "even though resentencing took place subsequently on a scoresheet error." Langford v. State, 929 So.2d 598, 599 (Fla. 5th DCA 2006). In this case, however, the departure was based upon Poole's record of prior convictions, as authorized by section 921.0016(3)(r), Florida Statutes (1994) (authorizing an upward departure where the primary offense scored at offense level seven or higher and the defendant had previously been convicted of one or more offenses that scored at an offense level eight or higher). Because the departure was based upon Poole's record of prior convictions, Poole's sentences would stand even if Blakely did apply to his resentencing. McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004) ("Blakely, like Apprendi,[2] does not require a jury to find beyond a reasonable doubt that a defendant had prior convictions for a sentencing court to enhance a sentence.") (citing United States v. Marseille, 377 F.3d 1249, 1258 n. 14 (11th Cir.2004)). Therefore, we affirm.
AFFIRMED.
MONACO and EVANDER, JJ., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000)
[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).