DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENIST KEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1233

[February 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 11002654CF10A.

Antony P. Ryan, Regional Counsel, Paul O'Neil, Assistant General Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Lenist Key was tried and convicted for armed sexual battery and armed kidnapping. Key appealed his judgments and sentences in May 2013. This Court affirmed. *See Key v. State*, 179 So. 3d 513 (Fla. 4th DCA 2015). He then filed a petition alleging that he received ineffective assistance of appellate counsel. In his petition, Key alleged that his appellate counsel was ineffective in not challenging his habitual offender designations on direct appeal, because at the time of his offenses, life felonies were not subject to enhanced punishment as a habitual offender. We agreed and remanded the case to the trial court for resentencing. *See Key v. State*, 254 So. 3d 1000 (Fla. 4th DCA 2018).

On remand, the trial court reviewed Key's case file, including the trial transcript, and held a hearing for resentencing. At that hearing, the State requested an upward departure from the sentencing guidelines, which provided for a maximum guidelines sentence of 225 months. The trial court agreed, departed from the guidelines, and sentenced Key to concurrent thirty-year sentences for each count. Key now challenges his

latest sentencing order, and for the reasons set forth below, we reverse for new resentencing.

"[T]he interpretation of a sentencing statute is . . . reviewed *de novo*." *State v. Reininger*, 254 So. 3d 996, 998 (Fla. 4th DCA 2018). Section 921.0016(3)(r), Florida Statutes (1995), permits an upward departure from the sentencing guidelines when the "primary offense is scored at offense level 7 or higher and the defendant *has been convicted* of one more offense that scored, or would have scored, at an offense level 8 or higher." (emphasis added). "Only one count of one offense before the court for sentencing shall be classified as the primary offense." § 921.0011(4), Fla. Stat. (1995). "[A]ny offense other than the primary offense for which an offender is convicted and that is pending before the court for sentencing at the time of the primary offense" is deemed an "additional offense." § 921.0011(1), Fla. Stat. (1995).

The trial court made an upward departure from the guidelines by finding the existence of an aggravating circumstance, specifically, that Key was convicted of a level seven offense or higher *and* had also been convicted of a level eight or higher offense. *See* § 921.0016(3)(r), Fla. Stat. The court found that both armed sexual battery and armed kidnapping were level ten offenses.

"As we have long held, '[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" *Maddox v. State*, 923 So. 2d 442, 449 (Fla. 2006) (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)). However, "[w]here legislative intent is unclear from the plain language of the statute, we look to canons of statutory construction." *Kasischke v. State*, 991 So. 2d 803, 811 (Fla. 2008).

Whether the statute was intended to apply only to a *prior* level eight or higher offense, or could be applied to additional offenses, is unclear from the language of the statute. It is unclear whether the legislature meant to include additional offenses pending in front of the trial court when it referred to offenses the defendant "has been convicted of." *See id.*; § 921.0016(3)(r), Fla. Stat. Here, the trial court interpreted section 921.0016(3)(r) to include an additional offense, and because both pending offenses were level ten felonies, the trial court found there was an aggravating circumstance and exceeded the maximum recommended sentence.

2

Our goal in construing statutes is to ascertain and carry out the legislative purpose of the statute by applying clear statutory language as written, and not to seek out or construct an interpretation that necessarily favors one party or the other. When a court must construe an equivocal criminal statute, or when the statute is open to more than one interpretation and the court is otherwise unable to determine which interpretation was intended by the Legislature, it may invoke a concept known as the "rule of lenity." *See Kasischke*, 991 So. 2d at 814. Instead of the court arbitrarily choosing one of the competing interpretations, the rule provides that a court should apply the interpretation that treats the defendant more leniently. *See id.* (quoting *State v. Byars*, 823 So. 2d 740, 742 (Fla. 2002) ("The rule requires that '[a]ny ambiguity or situations in which statutory language is susceptible to differing constructions *must* be resolved in favor of the person charged with an offense.'")). For a court construing a statute, the rule of lenity is not a means for determining—or defeating—legislative intent. It is not unlike the old baseball axiom that "the tie goes to the runner." Although there is no such rule in the baseball rulebook, this axiom is frequently used by umpires to resolve close disputes as to whether a runner has been thrown out at first base. *See* MAJOR LEAGUE BASEBALL, OFFICIAL BASEBALL RULES r. 5.09(a)(10), at 42 (Tom Lepperd ed., 2018) (stating that the defense must clearly put the runner out at first base by tagging him or the base before the runner touches the base).

Just like the axiom above, the rule of lenity is not so much a rule in the usual sense, but an aid for dealing with ambiguity in a criminal statute. *See Kasischke*, 991 So. 2d at 814. It is a means of last resort, a default device to be rarely deployed and applied to decide which interpretation prevails when traditional principles of statutory construction fail. *See id.* As indicated above, there is no need to apply the rule of lenity unless there is an unresolvable ambiguity in the statute in question. *See id.* Having reviewed section 921.0016(3)(r), we find that the phrase "has been convicted," as used in the statute, is ambiguous. Because the ambiguity cannot be resolved with other methods, we must resort to applying the rule. *See id.* The punitive nature of this sentencing statute renders it particularly amenable to the rule of lenity, *see Gross v. State*, 820 So. 2d 1043, 1045 (Fla. 4th DCA 2002), especially in light of the fact that no Florida appellate court has expressly ruled on the issue of whether section 921.0016(3)(r) allows for an additional offense to be used in considering an upward departure.

Nonetheless, we are guided by how district courts have dealt with issues involving the application of section 921.0016(3)(r) in other cases. We found that those courts, including ours, have uniformly interpreted

its language to apply to *prior* offenses of level eight or higher. *See Poole v. State*, 968 So. 2d 82, 83 (Fla. 5th DCA 2007) (stating that the statute "authoriz[ed] an upward departure where the primary offense scored at offense level seven or higher and the defendant had *previously* been convicted of one or more offenses that scored at an offense level eight or higher." (emphasis added)); *Elmer v. State*, 732 So. 2d 21, 22 (Fla. 1st DCA 1999) ("The trial judge also designated the sentences as departure sentences, pursuant to section 921.0016(3)(r), Florida Statutes (1995), in that robbery with a firearm is a level 9 offense, and one of Elmer's *previous* offenses was a level 8 or higher offense." (emphasis added)); *Wilson v. State*, 696 So. 2d 528, 529 (Fla. 4th DCA 1997) ("We agree with appellant that a juvenile adjudication cannot constitute a *prior* 'level 8 or higher' conviction under section 921.0016(3)(r)." (emphasis added)).

We agree with Key's contention that section 921.0016(3)(r)'s language refers to prior offenses. *See Wilson*, 696 So. 2d at 529; *accord Poole*, 968 So. 2d at 83; *Elmer*, 732 So. 2d at 22. Additional offenses are not included in section 921.0016(3)(r)'s definition of "has been convicted," and the trial court inappropriately exceeded the maximum guidelines when sentencing Key. *See* § 921.0016(2), Fla. Stat. (1995). We reverse Key's resentencing and remand for the trial court to resentence him without the using the aggravating circumstance found in section 921.0016(3)(r).

*Reversed and remanded for resentencing.*

GROSS and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***